UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

OCT 3 1 2007
OCT. 31, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*JH*

| | |
|---|---|
| AMIRI CURRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.P MORGAN CHASE & CO.; CHASE INVESTMENT SERVICES CORP.; and DOES 1 through 10, inclusive,<br><br>Defendants. | No  07cv6149<br>      JUDGE NORGLE<br>      MAG. JUDGE SCHENKIER<br><br>JURY TRIAL DEMANDED |

## CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiff Amiri Curry, ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.      As explained herein, under applicable employment laws, Financial Advisors (defined below) are entitled to premium overtime compensation. In short, if Financial Advisors work over forty hours per week, they are entitled to premium overtime pay.

2.      This is a nationwide collective action on behalf of all "Financial Advisors," defined as:  individuals who sold and/or marketed securities and other financial products ("Financial Products") on behalf of Defendants (defined herein), including but not limited to employees with any one of the following job titles:  (i) Financial Advisor, (ii) Investment Representative, (iii) Investment Advisor, (iv) Account Executive, and/or (v) Investment Financial Consultant, who are or were employed by J.P. Morgan Chase & Co., Chase Investment

Services, Corp. (collectively "Chase"), or any other parent, subsidiary, related, or successor companies (collectively, the "Company") to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act")

3.    Plaintiff also brings this action as a state-wide class action on behalf of all current and former Financial Advisors within the State of Illinois to recover all unpaid overtime wages pursuant to the Illinois Minimum Wage Law ("ILMWL"), 820 ILCS 105/1 *et seq.*; and the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS 115/1 *et seq.* (collectively, the "IL Labor Laws").

4.    Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship. Unless otherwise specified, Plaintiff will refer to all defendants, including the Company, collectively as "Defendant" and each allegation pertains to each Defendant.

## SUMMARY OF CLAIMS

5.    Plaintiff brings this suit on behalf of two classes of similarly situated persons composed of :

a.    All current and former Financial Advisors of Defendant who have worked for Defendant within the three years prior to the filing of this complaint to the present who are/were engaged in, or are/were training to be engaged in, the

business of selling Financial Products, and elect to opt-in to this action pursuant to

the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class"); and

b.      All current and former Financial Advisors of Defendant in the State of

Illinois who are/were engaged in, or are/were training to be engaged in, the

business of selling Financial Products (the "IL Class").

6.      The IL Class and the Nationwide Collective Class are hereafter collectively

referred to as the "Classes."

7.      Plaintiff alleges on behalf of himself and the Nationwide Collective Class who

elect to opt-in that they are: (i) entitled to unpaid wages from Defendant for overtime work for

which they did not receive overtime premium pay, as required by law, and (ii) entitled to

liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

8.      Plaintiff alleges on behalf of himself and the IL Class that Defendant violated the

IL Labor Laws by, *inter alia,*: (i) failing to pay them premium overtime compensation at the rate

of one and one-half times the employee's regular rate for all hours worked in excess of 40 hours

in any given workweek; (ii) improperly withholding funds from the wages of Plaintiff and

members of the IL Class; and (iii) failing to maintain true and accurate records of the hours

worked by Plaintiff and the IL Class.

9.      As a result of Defendant's violation of the above-referenced laws, Plaintiff and

the members of the Classes were illegally under-compensated for their work.

## FACTUAL ALLEGATIONS

10.      Plaintiff and the other similarly situated members of the Classes are/were inside

sales people, and/or trainees to become inside sales people, engaged in the sale of Financial

Products on behalf of Defendant, who regularly worked in excess of forty hours per workweek without any premium for overtime pay as required by law.

11.    Due to the nature of the job responsibilities and requirements of Defendant's Financial Advisors, Plaintiff and members of the Classes were, and continue to be, required to work more than 40 hours a week during the course of their employment with Defendant.

12.    Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for overtime work.

13.    The duties of Financial Advisors are set forth in uniform, company-wide policies and procedures promulgated by Defendant.

14.    Pursuant to the Defendant's uniform employment policies, Financial Advisors were paid principally on a commission basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation.

15.    Defendant's employment policies regarding Financial Advisors did not require them to hold an advanced degree.

16.    Although the FLSA and IL Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

17.    Plaintiff and the members of the Classes were compensated with a draw against their commissions, and did not receive a guaranteed salary that was not offset by their earned commissions.

18.    Plaintiff and members of the Classes are not administratively exempt because, among other things, their primary duty is the sale of Financial Products.

19.    Plaintiff and members of the Classes are not exempt under the commissioned sales exemption because this exemption is unavailable to Defendant due to the fact that

Defendant lacks a retail concept. Businesses that lack a retail concept under the FLSA cannot claim the commissioned sales exemption.

20.     Plaintiff and the Classes do not qualify for the professional exemption described in the Act, *see* 29 U.S.C. § 213, or under Illinois law because Financial Advisors are not employed in a *bona fide* professional capacity, requiring a specific degree in a field of science or learning.

21.     As such, Financial Advisors, including Plaintiff and members of the Classes, have been wrongfully classified by Defendant, and are not exempt from the requirement of premium overtime pay.

22.     In violation of the Act and Illinois labor law, Plaintiff and the members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the 40 hour work week.

23.     Plaintiff alleges on behalf of the members of the Classes that Defendant's failure to pay overtime was knowing and willful. Accordingly, Plaintiff and the members of the Classes are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid.

24.     Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Classes, as well as the applicable compensation rates, is in the possession of Defendant. If these records are unavailable, members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

25.     Each of the foregoing acts is in contravention of applicable employment laws.

## JURISDICTION & VENUE

26.    This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. §
216(b) and 28 U.S.C. §§ 1331.

27.    This Court has original jurisdiction over all claims in this action under the Class
Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action whereby: (i) the
proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members
of the proposed class, including Plaintiff, have a different citizenship from Defendant; and (iii)
the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

28.    Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over
Plaintiff's state law claims because those claims derive from a common nucleus of operative
facts.

29.    In addition, this Court is empowered to issue a declaratory judgment pursuant to
28 U.S.C. §§ 2201 and 2202.

## PARTIES

30.    Plaintiff Amiri Curry ("Plaintiff") is an Illinois resident who was a Financial
Advisor employed by Defendant during the statutory period covered by this complaint, who
Defendant failed to compensate for all hours worked over forty per week.

31.    For purposes of the Nationwide Collective Class, Plaintiff consents in writing to
be a party to this action, pursuant to 29 U.S.C. § 216(b).

32.    Defendant Chase is a corporation organized and existing under the laws of the
State of Delaware which is registered to do business in the State of Illinois. At all relevant times
during the Class Period, Chase has maintained offices within the State of Illinois. Upon
information and belief, Chase, a leading global financial services firm with operations in more

than 50 countries, employs hundreds of Financial Advisors at any one time during the relevant
class period.

## CLASS / COLLECTIVE ACTION ALLEGATIONS

33.    Plaintiff brings this action on behalf of himself and the Nationwide Collective
Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of
himself and the IL Class for claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS
105/1 *et. seq.,* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et
seq.,* as a class action pursuant to the Federal Rules of Civil Procedure 23.

34.    The claims under the FLSA may be pursued by those who opt-in to this case
pursuant to 29 U.S.C. § 216(b). The claims under the IMWL and IWPCA may be pursued by all
similarly-situated persons who do not opt-out of the IL Class pursuant to the Federal Rules of
Civil Procedure 23.

**Allegations Applicable To All Classes**

35.    The members of each of the Classes are so numerous that joinder of all members
is impracticable. The exact number of the members of the Classes can be determined by
reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there
are hundreds of individuals in each class.

36.    Plaintiff will fairly and adequately protect the interests of the Classes, and has
retained counsel who are experienced and competent in class action and employment litigation.
Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

37.    A class action/collective action suit, such as the instant one, is superior to other
available means for fair and efficient adjudication of this lawsuit. The damages suffered by
individual members of the Classes may be relatively small when compared to the expense and

burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

38.     A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FLSA and applicable IL Labor Laws.

39.     Furthermore, even if any member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

40.     There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

> a.     Whether the Defendant employed the members of the Classes within the meaning of the applicable statutes, including the FLSA;
>
> b.     Whether Financial Advisors were uniformly, willfully and wrongfully classified by Defendant as exempt from overtime compensation;
>
> c     Whether Defendant lacks a retail concept;

d.      Whether Defendant failed to pay Plaintiff and members of the Classes all

premium overtime compensation due to them by virtue of their uniform

designation as exempt;

e.      Whether Plaintiff and members of the Classes were expected to, and/or

mandated to, regularly work hours in excess of forty (40) per week;

f.      Whether Defendant violated any other statutory provisions regarding

compensation due to Plaintiff and members of the Classes; and

g.      Whether Plaintiff and the Classes have sustained damages and, if so, what

is the proper measure of damages.

41.     Plaintiff's claims are typical of the claims of the Classes.  Plaintiff and the Classes

have sustained damages arising out the wrongful and uniform employment policies of

Defendant in violation of the FLSA and IL Labor Laws as alleged herein.

42.     Plaintiff knows of no difficulty that will be encountered in the management of this

litigation that would preclude its continued maintenance.

**Allegations Specific To The Nationwide Collective Class**

43.     Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a

collective action on behalf of:

> All persons, who: (i) are/were employed as Financial Advisors with the Company; (ii) are/were not paid overtime compensation for work performed beyond the forty (40) hour work week; and (iii) choose to opt-in to this action (the "Nationwide Collective Class").

44.     Notice of the pendency and any resolution of this action can be provided to Nationwide Collective Class by mail, print, and/or internet publication.

**Allegations Specific To the Class Action Classes**

45.     Plaintiff brings this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure and Rule on behalf of the following persons similarly situated (the "IL Class"):

> All persons within the State of Illinois who: (i) are/were employed as Financial Advisors with the Company; and (ii) are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate or pay for work performed beyond the forty (40) hour work week.

## <u>COUNT ONE</u>

46.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

47.     At all relevant times, Defendant have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA.

49.     As stated above, Defendant has a policy and practice of refusing to pay overtime compensation to its Financial Advisors for the hours worked in excess of forty hours per week.

50.      Defendant's failure to pay Plaintiff and all other members of the Nationwide Collective Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the 40 hour workweek, is a violation of 29 U.S.C. §§ 206, 207.

51.      The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

52.      Due to Defendant's FLSA violations, Plaintiff, on behalf of the members of the Nationwide Collective Class, is entitled to recover from Defendant, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

53.      Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

54.      The State of Illinois has recognized the importance of protecting employees, and as such has codified its own regulations in the IL Labor Laws.

55.      Specifically, 820 ILCS 105/4a, states that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week, unless the employee falls under one of the enumerated exemptions.

56.      Plaintiff and members of the IL Class regularly worked more than 40 hours per week, and received no premium pay for hours worked in excess of 40 per week.

57.      During the applicable class period, Plaintiff and members of the IL Class did not meet the tests for exempt status under the IL Labor Laws.

11

58.     Defendant's willful and unlawful acts of wrongly classifying the IL Class as exempt constitute violations of the IL Labor Laws, by not paying the required state law overtime pay to the members of the IL Class.

59.     Pursuant to 820 ILCS 105/12a, Plaintiff requests an order requiring Defendant to make restitution of all state law overtime wages due to the IL Class in an amount to be proved at trial, along with the costs of this litigation and reasonable attorney's fees.

## COUNT THREE

60.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

61.     The IL Labor Laws limit employers from withholding wages from employees pay to specifically enumerated situations outlined in the IWPCA, 820 ILCS 115/9.

62.     Throughout the applicable statutory period Defendant withheld wages from the pay of the members of the IL Class which were not authorized by the IWPCA, specifically 820 ILCS 115/9, and applicable regulations.

63.     The withholdings referenced herein included chargebacks, which were not the fault of the members of the IL Class.

64.     Thus the withholdings at issue violate the IWPCA because they are not authorized by the IWCPA.

65.     As a result of Defendant's improper withholdings from the wages of the members of the IL Class, Plaintiff and the other members were damaged in an amount to be proven at trial.

66.     Therefore, Plaintiff, on behalf of the IL Class, requests that Defendant reimburse all members of the IL Class from whom it improperly withheld a portion of their wages, and all such other relief that this Court deems appropriate pursuant to the IL Labor Laws.

## COUNT FOUR

67.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

68.     820 ILCS 105/8 require employers to keep for a period of not less than 3 years, true and accurate records of, among other things, the name, address, and occupation of each of its employees, the rate of pay, and the amount paid each pay period to each employee, the hours worked each day in each work week by each employee.

69.     Upon information and belief, Defendant did not keep such records, in violation of IL Labor Laws.

70.     Therefore, Plaintiff, on behalf of the IL Class, requests all such relief that this Court deems appropriate pursuant to the IL Labor Laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A.     A Declaration that Defendant has violated the FLSA and other applicable employment laws;

B.     An Order designating Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C.     An Order designating the IL Class as an Illinois state class action pursuant to the Federal Rule of Civil Procedure 23;

D.     An Order appointing Plaintiff and their counsel to represent the Classes;

E.    Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Classes as the result of the actions described above;

F.    An Order enjoining Defendant from any further violations of the FLSA and the IL Labor Laws;

G.    For compensatory and punitive damages and all other statutory remedies permitted;

H.    Prejudgment interest;

I.    An Order awarding attorneys' fees and costs;

J.    An Order for equitable restitution of all wages improperly withheld or deducted by Defendant; and

K.    For all other relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

October 31, 2007

By: _____
Marvin A. Miller
Matthew E. Van Tine
**MILLER LAW LLC**
115 S. LaSalle Street
Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676

*Designated Local Counsel*

Joseph H. Meltzer
Gerald D. Wells, III
Robert J. Gray
Robert W. Biela
**SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP**
280 King of Prussia Road
Radnor, PA 19087
Facsimile: (610) 667-7056
Telephone: (610) 667-7706

*Counsel for Plaintiff*