IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMIRI CURRY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>J.P MORGAN CHASE & CO.; CHASE INVESTMENT SERVICES CORP.; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 07-C-6149<br><br>Judge Charles R. Norgle<br><br>Magistrate Judge Schenkier |

**DEFENDANTS JPMORGAN CHASE & CO.'S
AND CHASE INVESTMENT SERVICES CORP., INC.'S
MOTION TO DISMISS OR STRIKE PURSUANT TO FED. R. CIV. P. 12**

Defendants JPMorgan Chase & Co. and Chase Investment Services Corporation ("CISC") (collectively as "Defendants", or "Chase"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby move this Court to Dismiss or Strike Plaintiff's Rule 23 class claim for overtime in Count II of Plaintiff's Complaint. In support of its Motion to Dismiss, Defendants submit the accompanying Memorandum of Law, and states as follows:

1.  Plaintiff Amiri Curry ("Plaintiff") filed this action in this Court on October 31, 2007, and asserts a claim for overtime under the Fair Labor Standards Act ("FLSA"), which he seeks to litigate as a nationwide FLSA collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all other financial advisors employed by Chase in

the United States. (Compl. ¶ 43). Plaintiff also asserts a duplicative claim for overtime under Illinois law, 820 ILCS 105/4a, which he seeks to litigate as a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of all other financial advisors employed by Chase in Illinois. (Compl. ¶ 45).

2. Plaintiff's attempt to assert an overtime claim as an opt-out class action under Rule 23 is precluded by federal law for four separate reasons. First, Plaintiff's effort to litigate a state law overtime claim on an opt-out class basis is "inherently incompatible" with FLSA Section 16(b). This Court and numerous other courts have repeatedly recognized that the adjudication of overtime claims (including those under state law) as an opt-out class action under Rule 23 would eviscerate the opt-in requirement Congress created in FLSA Section 16(b).

3. Second, Plaintiff's class claim for overtime under state law should be dismissed because, as a matter of law, Plaintiff cannot show the opt-out class action "is superior to all other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Court after court has decided that a Rule 23 opt-out class action for overtime is not superior to an opt-in collective action under FLSA Section 16(b), and denied class certification on that basis.

4. Third, the method through which Plaintiff seeks to litigate his Illinois overtime claim – as a Rule 23 opt-out class action – is both expressly and impliedly preempted by the FLSA's written consent requirement.

5. Finally, Plaintiff's attempt to use a rule of federal procedure – Rule 23 – to adjudicate the overtime claims of absent class members without their written consent in violation of FLSA Section 16(b) contravenes the Rules Enabling Act ("REA"), which

prohibits the application of a rule of procedure where such application would "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b).

WHEREFORE, Defendants respectfully request that this Court dismiss or strike Plaintiff's Rule 23 class claim for overtime in Count II of the Complaint.

Respectfully submitted,

JPMORGAN CHASE & CO. AND CHASE INVESTMENT SERVICES CORP.

By: _s/ Lucy Schwallie_
One of Their Attorneys

Sari M. Alamuddin
Lucy Schwallie
Morgan, Lewis & Bockius, LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
Telephone: (312) 324-1000
Facsimile: (312) 324-1001

Dated: January 22, 2007