# EXHIBIT A

December 13, 2005

The Honorable Henry F. Floyd
United States District Court for
the District of South Carolina
Donald S. Russell Federal Building
201 Magnolia Street
Spartanburg, South Carolina 29301

Re:  Long John Silver's Restaurants, Inc. v. Cole, et al.,
     No. 6:05-CV-3039

Dear Judge Floyd:

The Secretary of Labor ("Secretary"), United States Department of Labor ("Department"), submits this letter as *amicus curiae* in support of the motion to vacate the September 19, 2005 Class Determination Partial Final Award ("Class Determination Award") filed by Long John Silver's Restaurants, Inc. and Long John Silver's, Inc. (collectively "LJS") in the arbitration proceeding Cole v. Long John Silver's Restaurants, Inc. et al., American Arbitration Association Case No. 11-160-00194-04. The arbitrator's Class Determination Award raises the issue whether, in a class arbitration of claims under the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. 201 et seq., certain claimants-employees may litigate the claims of other putative class members without obtaining their written consent as required under section 16(b) of the Act, 29 U.S.C. 216(b).  Section 16(b) of the FLSA unambiguously provides employees the right not to have their statutory claims litigated without their written consent.  The Secretary, as the official responsible for the administration of the FLSA (see 29 U.S.C. 204), has a significant interest in protecting this clearly delineated employee right.

Discussion

Section 16(b) provides employees a private right of action to recover back wages due as a result of violations of the

Act's minimum wage and overtime provisions (29 U.S.C. 206, 207), together with an equal amount as liquidated damages, as well as reasonable attorneys fees, and costs. The action may be "maintained . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. 216(b). The section further provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id. Thus, section 16(b) grants employees a distinct substantive right to participate in a collective adjudication of their claims if, and only if, they provide a written consent that is filed in court.

The legislative history further bolsters this conclusion. The original 1938 enactment did not contain the written consent or "opt-in" provision. In 1947, Congress amended section 16(b) in the Portal-to-Portal Act Amendments to the FLSA. § 5, 61 Stat. 84, 87-88 (1947). These amendments added the opt-in requirement and repealed a provision in section 16(b) "permitting an employee or employees to designate an agent or representative to maintain an action for and in behalf of all employees similarly situated." H.R. Conf. Rep. No. 80-326, at 13 (1947). These changes had "the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989). Moreover, as the Eleventh Circuit explained in Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 1248 (2003), cert. denied sub nom. Basil v. Maxim Healthcare Services, Inc., 541 U.S. 1030 (2004), Congress' goal in adding the opt-in provision was to prevent collective actions "from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit," quoting United Food & Commercial Workers Union v. Alberston's, Inc., 207 F.3d 1193, 1200 (9th Cir. 2000), quoting, in turn, Arrington v. National Broadcasting Co., Inc., 531 F. Supp. 498, 501 (D. D.C. 1982) (brackets, and internal quotation marks omitted). Senator Donnell, then Chairman of the Senate Judiciary Committee, articulated the rationale for the provision: "'[I]t is certainly unwholesome to allow an individual to come into court alleging that he is suing on behalf of 10,000 persons and actually not have a solitary person behind him, and then later on have 10,000 men join in the suit, which was

2

not brought in good faith, was not brought by a party in interest, and was not brought with the actual consent or agency of the individuals for whom an ostensible plaintiff filed the suit.'" See Arrington, supra, 531 F. Supp. at 502, quoting 93 Cong. Rec. 2182 (1947).  Thus, the legislative history makes it clear that Congress intended an employee's FLSA claims to be litigated as part of a collective action only with his or her express written consent.

In this case, the arbitrator refused to apply the opt-in requirement of section 16(b).  Instead, he concluded that the class arbitration must proceed in accordance with the American Arbitration Association ("AAA") Supplementary Rules for Class Arbitration, which provide for a class arbitration that binds each class member unless he or she requests to be excluded from the class.  This AAA requirement is analogous to the requirements imposed by Federal Rule of Civil Procedure 23 and, as such, is entirely different from the FLSA's written consent requirement.  See LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288-89 (5th Cir. 1975) (explaining that "[t]here is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA s[ection] 16(b).  * * * Rule 23(c) provides for 'opt-out' class actions.  FLSA s[ection] 16(b) allows as class members only those who 'opt-in.'  These two types of class actions are mutually exclusive and irreconcilable"); see also Cameron-Grant, supra, 347 F.3d at 1248 ("[T]he 1947 amendments to the FLSA prohibit what precisely is advanced under Rule 23 – a representative plaintiff filing an action that potentially may generate liability in favor of uninvolved class members").  As the case law thus shows, there is an irreconcilable difference between the opt-out procedures used by the AAA and the requirements of section 16.

Furthermore, the distinction between the advance written consent requirements and a Rule 23 opt-out class is important to both employers and employees.  The distinction fundamentally impacts the relative litigation strengths of the parties because an opt-out class mechanism usually results in a larger number of class members.  See De Asencio v. Tysons Foods, Inc., 342 F.3d 301, 310 (3d Cir. 2003).  This distinction was not lost on the arbitrator in this case.  See Class Determination Award at 6 (recognizing that "[t]he choice between an opt-in and an opt-out

3

procedure is not abstract. The significant decline in the number of probable class members has been noted"). As the court in De Ascencio, supra, explained, "[t]he aggregation of claims, particularly as class actions, profoundly affects the substantive rights of the parties to the litigation." Id. at 311 (emphasis added). However, at the same time, Rule 23 opt-out classes tend to include members with "no real involvement in, or knowledge of, the lawsuit." Cameron-Grant, supra, 347 F.3d at 1248. Each member of the class, nevertheless, is bound by the arbitrator's decision. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176 (1974) ("Rule [23] was intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit." (citation omitted)); see also Robinson v. Sheriff of Cook County, 167 F.3d 1155, 1157 (7th Cir.) (noting that dismissal of a class action has "res judicata effect on any unnamed class members who did not opt out" (citations omitted)), cert. denied, 528 U.S. 824 (1999); AAA Supplementary Rule 6(b)(5) (the Arbitrator's Notice of Class Determination must state "the binding effect of a class judgment on class members"). It was precisely this result that Congress intended to preclude by enacting the current section 16(b) in 1947. As evinced in the statutory language ("unless he gives his consent in writing to become such a party"), and the legislative history, Congress's clear aim was to ensure that each employee expressly consents to any collective adjudication of his or her rights under the FLSA.

As we previously stated, Congress has clearly mandated that employees must provide their express written consent to participate in a collective action under the FLSA. The advance written consent requirement, as distinguished from procedural provisions in the FLSA, goes to an employee's fundamental right not to be included as a plaintiff in a lawsuit or arbitration. Thus, in the Secretary's view, the right to participate in a collective action only upon submission of one's written consent is a substantive right, and therefore cannot be waived. This is consistent with Supreme Court authority. In Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991), the Court stated that "'[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum,'" quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,

4

473 U.S. 614, 628 (1987)) (bracketed matter added by the court).  Appellate courts have followed this principle.  See, e.g., Spinetti v. Service Corp. Int'l, 324 F.3d 212, 218 (3d Cir. 2003) (Under Gilmer, "statutory substantive rights are unaffected by the choice of dispute resolution." (citation omitted)); Williams v. Cigna Financial Advisors, Inc., 197 F.3d 752, 763 (5th Cir. 1999) ("Gilmer made it clear that a party agreeing to arbitrate a federal statutory claim does not forgo the substantive rights afforded by the statute, and that claims under federal statutes are appropriate for arbitration so long as the prospective litigant may vindicate his or her statutory cause of action in the arbitral forum, and the statute will continue to serve both its remedial and deterrent function." (citation omitted)), cert. denied, 529 U.S. 1099 (2000); Hooters of America, Inc. v. Phillips, 173 F.3d 933, 937 (4th Cir. 1999) (quoting Gilmer).  The right is personal to the individual employee and is substantive; an employee can no more waive his right to consent to suit on his behalf than he can waive his right to the minimum wage or overtime pay.  See Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 740 (1981).  While an employee can waive procedural rights, for example, the right to litigate his FLSA claim in a judicial forum and to litigate that claim in a class action, an employee cannot waive the right not to participate in a class action without his advance written consent.  The Secretary notes that neither the respondents nor the arbitrator cite any case that allows parties to implicitly waive a clear statutory mandate.

Because the statutory written consent provision is substantive, when applying the Federal Arbitration Act ("FAA"), 9 U.S.C. 1 et seq., courts should require arbitrators to comply with it.[1]  In this case, the arbitrator refused to do so, observing that to proceed using the FLSA's written consent provision "would significantly reduce the class population in derogation of fundamental FLSA objectives." (Class Determination Award at 9).  However, in addition to setting forth the fundamental FLSA objectives, Congress expressly chose the form of collective action that would best further the remedial

---

[1] Under the FAA, federal courts vacate arbitration awards that evidence a manifest disregard of law.  See, e.g., Apex Plumbing Supply, Inc. v. U.S Supply Co., Inc., 142 F.3d 188, 193 & n. 5 (4th Cir. 1998).

5

purposes of the FLSA – the collective action, not the class action. The arbitrator should not substitute his own judgment for that of Congress.[2]

In all events, to the extent that employers and employees can agree to utilize a Rule 23-type provision in an FLSA class arbitration, the Secretary believes that any such agreement must be explicit. Here, the LJS arbitration agreement does not contain an express waiver of the employees' rights to participate in a collective action solely on the basis of their written consent. In this case, the pertinent contract language merely states that "[a]ny arbitration will be administered by the American Arbitration Association under its commercial arbitration rules[.]" LJS's *The Real Resolution Solution Program* Program Booklet (Sept. 1995) at 10. This language does not constitute an express waiver of section 16(b)'s written consent requirement.

When, as in this case, an arbitral forum's rules directly conflict with an express congressional directive, particularly where application of those rules threatens to interfere with the substantive rights of the employees protected under the statute, any waiver, if permissible at all, must be express. The critical consequences to employees of being included as class members demand no less. Because the parties' arbitration agreement in this case does not reflect a clear waiver of the FLSA opt-in requirement, the Secretary urges the court to vacate the Class Determination Award with respect to the conclusion that the class arbitration must proceed in accordance with

---

[2] Indeed, given the express statutory requirement, an employee who has never provided his affirmative consent to the collective arbitration of his FLSA claims would have a compelling basis on which to argue that he should not be bound by an adverse arbitral decision.

the Rule 23-type provisions of the AAA Rules.

Respectfully submitted,

Howard M. Radzely
Solicitor of Labor

Steven J. Mandel
Associate Solicitor

Anne Fugett
Senior Attorney

U.S. Department of Labor
200 Constitution Avenue, N.W.
Room N-2716
Washington, D.C. 20210
(202) 693-5555


s/George J. Contis
George J. Contis, SC Bar No. 234
Assistant U.S. Attorney
P.O. Box 10067
Greenville, SC 29603
864-282-2100

Attachment:  certificate of service