IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMIRI CURRY, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.:  07-CV-6149 |
| v. | Judge Norgle |
| JPMORGAN CHASE & CO.; CHASE INVESTMENT SERVICES CORP.; and DOES 1 through 10, inclusive, | Magistrate Judge Schenker |
| Defendants. | |

**MEMORANDUM OF LAW OF DEFENDANTS JPMORGAN CHASE & CO. AND CHASE INVESTMENT SERVICES CORP., INC. IN SUPPORT OF THEIR MOTION TO DISMISS OR STRIKE PURSUANT TO FED. R. CIV. P. 12**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 3

    A.    Plaintiff's Class Claim For Overtime Under Rule 23 Is Inherently Incompatible With The FLSA's Opt-In Requirement. ........................................ 3

    B.    As A Matter Of Law, An Opt-Out Class Action Under Rule 23 Is Not Superior To Other Available Methods For Adjudication. ................................... 6

    C.    Federal Law Preempts The Use of Rule 23 To Adjudicate Class Claims For Overtime. .................................................................................................... 8

        1.    Plaintiff's Use of Rule 23 To Adjudicate His State Law Class Claim For Overtime Is Expressly Preempted by FLSA Section 16(b). .............................................................................................. 9

        2.    Plaintiff's Use Of Rule 23 To Adjudicate His State Law Class Claim For Overtime Also Is Impliedly Preempted by FLSA Section 16(b). .............................................................................................. 9

    D.    Litigating Plaintiff's State Law Overtime Claim Under Rule 23 Would Violate The Rules Enabling Act By Abridging The Substantive Rights Of Absent Class Members And Chase ................................................................. 13

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997) ...............................................13

Berry v. 34 Irving Place Corp., 4 Wage & Hour Cas. (BNA) 564 (S.D.N.Y. 1944).........11

Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945)........................................................11

Chao v. A-One Medical Services, Inc., 346 F.3d 908 (9th Cir. 2003) .............................12

Choimbol v. Fairfield Resorts, Inc., No. 2:05cv463, 2006 WL. 2631791 (E.D. Va. Sept. 11, 2006) .........................................................................................................11

Clean Air Markets Group v. Pataki, 338 F.3d 82 (2d Cir. 2003)................................10, 11

Cole v. Board of Trustees of University of Illinois, 497 F.3d 770 (7th Cir. 2007) ...........12

Compare LaChappelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975) .............4, 12

De La Cruz v. Gill Corn Farms, No. 03-CV-1133, 2005 WL. 5419056 (N.D.N.Y. Jan. 25, 2005)...........................................................................................................5

De La Fuente v. FPM Ipsen Heat Treating, Inc., No. 02 C 50188, 2002 WL. 31819226 (N.D. Ill. Dec. 16, 2002) ...............................................................................8

Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 993 (C.D. Cal. 2006)................7, 8

Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974) ......................................................4, 13

Evancho v. Sanofi-Aventis U.S., Inc., 2007 WL. 4546100 (D.N.J. Dec. 19, 2007) ...........5

Gade v. National Solid Wastes Management Association, 505 U.S. 88 (1992)................10

Gonzalez v. City of New York, 396 F. Supp. 2d 411 (S.D.N.Y. 2005) ............................13

Harper v. Yale International Insurance Agency Inc., No. 03 C 3789, 2004 WL. 1080193 (N.D. Ill. May 12, 2004) ................................................................................5

Himmelman v. Cont'l Casualty Co., No. Civ. 06-166, 2006 WL. 2347873 (D.N.J. Aug. 11, 2006) .............................................................................................................5

Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989).........................................1,3,14

Hurley v. Motor Coach Industries, Inc., 222 F.3d 377 (7th Cir. 2000) ............................10

International Paper Co. v. Ouellette, 479 U.S. 481 (1987)............................................9, 11

Kennedy v. Commonwealth Edison Co., 410 F.3d 365 (7th Cir. 2005)..............................9

Klein v. Ryan Beck Holdings, Inc., 2007 WL. 2059828 (S.D.N.Y. July 13, 2007)............1

Lemon v. International Union of Operating Eng'rs, 216 F.3d 577 (7th Cir. 2000) ...........6

Leuthold v. Destination America, 224 F.R.D. 462 (N.D. Cal. 2004) ................................8

Licari v. City of Chicago, 298 F.3d 664 (7th Cir. 2002) ...................................................12

Long John Silver's Restaurants, Inc. v. Cole, No. 05-CV-3039 (D.S.C. Filed Dec.
    13, 2005) ...................................................................................................................3, 14

Madrigal v. Green Giant Co., No. C-78-157, 1981 WL. 2331 (E.D. Wash. July
    27, 1981) ........................................................................................................................6

McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574 (N.D. Ill. 2004) ......................4, 5, 7, 8

Meucke v. A-Reliable Auto Parts and Wreckers, Inc., No. 01 C 236 1, 2002 WL.
    1359411 (N.D. Ill. June 21, 2002) ............................................................................7, 8

Moeck v. Gray Supply Corp., No. 03-1950, 2006 WL. 42368 (D.N.J. Jan. 6,
    2006) ...............................................................................................................................5

Molina v. Sea-Land Services, Inc., 2 F. Supp. 2d 180 (D.P.R. 1997) ..............................12

Otto v. Pocono Health System, 457 F. Supp. 2d 522 (M.D. Pa. 2006) .............................5

Prickett v. DeKalb County, 349 F.3d 1294 (11th Cir. 2003)..............................................9

Riddle v. National Sec. Agency, Inc., 2007 WL. 2746597 (N.D. Ill. Sept. 13,
    2007) .......................................................................................................................3, 5, 8

Rodriguez v. The Texan, Inc, No. 01 C 1478, 2001 WL. 1829490 (N.D. Ill. Mar.
    7, 2001) .......................................................................................................................4, 7

Williams v. Trendwest Resorts, Inc., 2007 WL. 2429149 (D. Nev. Aug. 20, 2007)..........5

## FEDERAL STATUTES

28 U.S.C. § 2072(b) ................................................................................................1, 3, 13

29 C.F.R. § 541.200 (2007) ...............................................................................................9

29 C.F.R. § 541.2 (2003) ..................................................................................9

29 U.S.C. § 216(b) ...............................................................................1, 2, 3, 9

Fed. R. Civ. P. 23(b)(3)........................................................................1, 2, 3, 7

Pub. L. 49, ch. 52 § 61 Stat. 84, 87 (1947) .........................................................3

## STATE STATUTES

820 ILCS 105/4a .................................................................................1, 9, 12

## MISCELLANEOUS

Alba Conte & Herbert B. Newberg, <u>Newberg on Class Actions</u> § 1:2.............................14

Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1795...............6

## INTRODUCTION

Plaintiff Amiri Curry is a former financial advisor, also known as a "stockbroker," for Defendant Chase Investment Services Corporation ("CISC") (collectively, with Defendant JPMorgan Chase & Co., referred to as "Chase"). Plaintiff filed this action in this Court on October 31, 2007, and asserts a claim for overtime under the Fair Labor Standards Act ("FLSA"), which he seeks to litigate as a nationwide FLSA collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all other financial advisors employed by Chase in the United States. (Compl. ¶ 43). Plaintiff also asserts a duplicative claim for overtime under Illinois law, 820 ILCS 105/4a, which he seeks to litigate as a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of all other financial advisors employed by Chase in Illinois. (Compl. ¶ 45).

Plaintiff's attempt to assert an overtime claim as an opt-out class action under Rule 23 is precluded by federal law for four separate reasons. First, Plaintiff's effort to litigate a state law overtime claim on an opt-out class basis is "inherently incompatible" with FLSA Section 16(b). Sixty years ago, Congress responded to a flood of "representative" litigation by expressly amending the FLSA to ban representative actions and preclude the adjudication of a worker's overtime rights unless he or she filed a "consent in writing" with the court. 29 U.S.C. § 216(b). Thus, only those individuals who affirmatively "opt-in" to an FLSA collective action are bound by the judgment rendered in the case. Congress specifically created the opt-in requirement to protect the rights of absent class members, and to "free[] employers from the burden of representative actions." Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 173 (1989). By contrast, in a Rule 23 class action, all class members are bound by the judgment unless they affirmatively opt out of the case. Thus, under Rule 23, the overtime claims of the absent class members would be adjudicated without their written consent. This Court and numerous other

1

courts have repeatedly recognized that the adjudication of overtime claims (including those under state law) as an opt-out class action under Rule 23 would eviscerate the opt-in requirement Congress created in FLSA Section 16(b).

Second, Plaintiff's class claim for overtime under state law should be dismissed because, as a matter of law, Plaintiff cannot show the opt-out class action "is superior to all other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3). Court after court has decided that a Rule 23 opt-out class action for overtime is not superior to an opt-in collective action under FLSA Section 16(b), and denied class certification on that basis.

Third, the <u>method</u> through which Plaintiff seeks to litigate his Illinois overtime claim – as a Rule 23 opt-out class action – is both expressly and impliedly preempted by the FLSA's written consent requirement.  By its terms, the FLSA's opt-in requirement applies to any "action to recover the liability prescribed" by the FLSA's overtime requirements.  29 U.S.C. § 216(b). This case indisputably is an action to recover the liability prescribed by the FLSA, both because Plaintiff has asserted an FLSA claim <u>and</u> because Plaintiff's Illinois claim for overtime is duplicative of his FLSA claim – they seek the same compensation for the same hours of work based on the same alleged facts.  An opt-out class action for overtime under Rule 23 also is impliedly preempted because adjudicating the overtime claims of <u>absent</u> class members under Illinois law necessarily would adjudicate the <u>FLSA</u> rights of <u>absent</u> class members without their written consent under principles of *res judicata* and *collateral estoppel*.  This is, however, the exact result Congress sought to prohibit in enacting Section 16(b) of the FLSA.

Finally, Plaintiff's attempt to use a rule of federal procedure – Rule 23 – to adjudicate the overtime claims of absent class members without their written consent in violation of FLSA Section 16(b) contravenes the Rules Enabling Act ("REA"), which prohibits the application of a

rule of procedure where such application would "abridge, enlarge or modify any substantive

right." 28 U.S.C. § 2072(b). As recognized by both the United States Supreme Court and the

United States Department of Labor, the written consent requirement under FLSA Section 16(b)

is a substantive protection both for absent class members and employers. Sperling, 493 U.S. at

173; Secretary of Labor Amicus Letter Brief in Long John Silver's Rests., Inc. v. Cole, No. 05-

CV-3039 (D.S.C. Filed Dec. 13, 2005) (attached as Exhibit A). Indeed, the authors of Rule 23

themselves recognized that as a procedural rule, the opt-out provisions of Rule 23 must give way

to the express opt-in requirement that Congress created in Section 16(b). See Fed R. Civ. P. 23

Adv. Comm. Notes ("The present provisions of 29 U.S.C. § 216(b) are not intended to be

affected by Rule 23, as amended.").

## ARGUMENT

### A.     Plaintiff's Class Claim For Overtime Under Rule 23 Is Inherently Incompatible With The FLSA's Opt-In Requirement.

The Court should dismiss or strike the class action allegations of Plaintiff's state law

overtime claim because permitting such a claim to go forward would irreconcilably conflict with

the written consent, or "opt-in," requirement that Congress has mandated for group overtime

actions. In response to a flood of "representative" litigation, Congress amended the FLSA, under

the title of "Representative Actions Banned," to preclude the adjudication of an employee's

FLSA claim absent the employee's "consent in writing." 29 U.S.C. § 216(b); Pub. L. 49, ch. 52

§ 61 Stat. 84, 87 (1947). Congress added this written consent, or "opt-in," requirement to

"limit[] private FLSA plaintiffs to employees who asserted claims in their own right and freeing

employers from the burden of representative actions." Sperling, 493 U.S. at 173. See also

Riddle v. Nat'l Sec. Agency, Inc., 2007 WL 2746597, at *8 (N.D. Ill. Sept. 13, 2007) (Congress

designed the FLSA's opt-in language to "prohibit what precisely is advanced under Rule 23-a

representative plaintiff filing an action that potentially may generate liability in favor of

uninvolved class members" (quotation omitted).  Thus, unlike class actions under Rule 23,

individuals are not bound by the judgment in a collective action unless they have affirmatively

opted into the action.  Compare LaChappelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir.

1975), with Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176 (1974).

      Numerous courts have recognized that allowing plaintiffs to litigate state law overtime

claims as opt-out class actions under Rule 23 would contravene Congress's intent in creating the

opt-in requirements of Section 16(b).  Indeed, this Court in 2001 issued, *sua sponte*, an opinion

in a case where the plaintiff sought to litigate both an FLSA collective action and a Rule 23 opt-

out class action for overtime under state law, warning the plaintiff that the Court "harbor[ed]

serious reservations (really an understatement) as to conventional class action treatment in this

instance."  See Rodriquez v. The Texan, Inc., No. 01 C 1478, 2001 WL 1829490, *2 (N.D. Ill.

Mar. 7, 2001).  The Court explained:

> There are powerful policy considerations that led Congress to change the original
> version of the Fair Labor Standards Act by enacting the Portal to Portal Act of
> 1947 so as to require the opt-in procedure via individualized written consents by
> employees wishing to join such actions.  That policy [of opting in under the
> FLSA] and the underlying congressional intent would be thwarted if a Plaintiff
> were permitted to back door the shoehorning in of unnamed parties through the
> vehicle of calling upon similar state statutes that lack such an opt-in requirement.

Id. at *2 (citation omitted).

      Similarly, in McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004), this

Court explained that the FLSA's opt-in provision "demonstrates Congress's intent to ensure that

parties with wage and hour claims under the FLSA take affirmative steps to become members of

a class seeking redress of those claims in federal court."  As a result, the court concluded that to

allow the plaintiff to use Rule 23 to certify an opt-out class for state law overtime claims "would

undermine Congress's intent to limit these types of claims to collective actions."  Id.  See also

4

<u>Riddle</u>, 2007 WL 2746597, at *4 (following the reasoning of , *inter alia*, <u>Rodriguez</u> and <u>McClain</u> and denying Rule 23 certification of state law overtime claims); <u>Harper v. Yale Int'l Ins. Agency Inc.</u>, No. 03 C 3789, 2004 WL 1080193, at *5 (N.D. Ill. May 12, 2004) ("Plaintiffs, however, have arguably subverted congressional intent in creating the FLSA opt-in procedure by choosing to seek class certification of their [Illinois Minimum Wage Law] claims instead of pursuing an FLSA collective action.").

Many other courts, when addressing the intersection of Rule 23 and FLSA Section 16(b) have similarly recognized that litigating opt-out class claims for overtime under state laws is incompatible with the FLSA's opt-in requirement and have refused to permit the Rule 23 class claims to proceed.  See <u>Evancho v. Sanofi-Aventis U.S., Inc.</u>, 2007 WL 4546100 (D.N.J. Dec. 19, 2007) ("Plaintiffs . . . are not permitted to 'circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA'"); <u>Williams v. Trendwest Resorts, Inc.</u>, 2007 WL 2429149, at *4 (D. Nev. Aug. 20, 2007) ("It would be inappropriate to permit Plaintiffs' attempt to circumvent the restrictive opt-in requirements of the FLSA"); <u>Otto v. Pocono Health Sys.</u>, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006) ("To allow an Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b)"); <u>Himmelman v. Cont'l Cas. Co.</u>, No. Civ. 06-166, 2006 WL 2347873 (D.N.J. Aug. 11, 2006) (striking Plaintiff's state law class claim seeking overtime pay because it was "inherently incompatible" with the FLSA's opt-in requirement); <u>Moeck v. Gray Supply Corp.</u>, No. 03-1950, 2006 WL 42368, *5-6 (D.N.J. Jan. 6, 2006) (same); <u>De La Cruz v. Gill Corn Farms</u>, No. 03-CV-1133, 2005 WL 5419056 (N.D.N.Y. Jan. 25, 2005) (Congress's intent "would be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle

5

of calling upon similar state statutes that lack such an opt-in requirement"); <u>Madrigal v. Green Giant Co.</u>, No. C-78-157, 1981 WL 2331, at *3 (E.D. Wash. July 27, 1981) (dismissing state law class claims that were based on FLSA violations, ruling that, "[i]f such a result were permitted, the statutory requirements of the FLSA would effectively be gutted").

Plaintiff's attempt to circumvent the opt-in requirement of FLSA Section 16(b) by litigating his overtime claim under Rule 23 on behalf of absent class members without their written consent should be rejected.

**B.     As A Matter Of Law, An Opt-Out Class Action Under Rule 23 Is Not Superior To Other Available Methods For Adjudication.**

The Court should dismiss or strike Plaintiff's state law class claim for overtime for another important reason. An opt-out class action is not superior to another available method for adjudication of that claim: an opt-in collective action under Section 16(b) of the FLSA.[1]

Presumably, Plaintiff will seek class certification under Rule 23(b)(3) for his class claim for monetary relief. <u>See</u> <u>Lemon v. Int'l Union of Operating Eng'rs</u>, 216 F.3d 577, 580-581 (7th Cir. 2000) (Rule 23(b)(2) certification is only appropriate in actions where the predominant relief sought is injunctive or declaratory). A court may certify a class under Rule 23(b)(3) only if it finds that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).[2]

---

[1] Orders striking class allegations – expressly contemplated under Rule 23(d)(4) – are "procedurally inseparable" from subdivision Rule 23(c)(1), which provides that "when a person sues or is sued as a representative of a class, the court must – at an early practicable time – determine by order whether to certify the action as a class action." <u>See</u> 7B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1795 (quoting Fed. R. Civ. P. 23(c)(1)). Either party may move for a determination under Rule 23(c)(1), and the Court need not wait for a plaintiff to file a motion for class certification before rendering its decision on this issue. <u>Id.</u> at § 1785.

[2] For purposes of this motion, Chase only addresses Rule 23(b)'s superiority requirement on the purely legal ground of whether Plaintiff can maintain an opt-out class claim for overtime in the face of Section 16(b)'s opt-in mechanism. Chase reserves all other arguments relating to the other requirements of Rule 23, should they be necessary in the future.

Here, it is clear as a matter of law that an opt-out class action under Rule 23 is not superior to the FLSA's opt-in method of adjudication. As discussed above, permitting Plaintiff's state law claim for overtime to go forward under Rule 23 would thwart Congressional intent and, as discussed below, abridge the substantive rights of absent class members and Chase to have overtime claims covered by the FLSA adjudicated under the FLSA's opt-in mechanism. See ); Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 993 (C.D. Cal. 2006) (superiority of Rule 23 class action lacking where "allowing both a § 216(b) collective action and a Rule 23 class action to proceed would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to § 216(b) collective actions."); McClain, 222 F.R.D. at 578 (finding a state law class action "is not the superior manner in which to proceed" because "[h]olding otherwise would undermine Congress's directive that FLSA collective actions are limited to those parties who opt in to the action"). In contrast, requiring individuals who wish to participate to opt into the suit affords these individuals greater control over their participation in the litigation than they would have in an opt-out action. As this Court has explained, because class members have an opportunity to decide whether to opt into the FLSA collective action, "it makes no real sense to the Court to certify a class that will <u>automatically</u> include all of the employees unless they opt out." <u>Muecke v. A-Reliable Auto Parts and Wreckers, Inc.</u>, No. 01 C 2361, 2002 WL 1359411 at *2 (N.D. Ill. June 21, 2002) (emphasis in original).

Permitting Plaintiff to pursue his state law overtime claim as an opt-out action also would create challenges with respect to manageability of the action. For example, asking potential class members – who are not attorneys, but laypersons – both to opt in and to opt out with respect to the same substantive claim (a claim for overtime) would likely cause considerable confusion. <u>See</u> <u>Riddle</u>, 2007 WL 2746597, at *4 (noting "substantial" risk that putative class members

would be confused by such a notice); <u>De La Fuente v. FPM Ipsen Heat Treating, Inc.</u>, No. 02 C 50188, 2002 WL 31819226, *2 (N.D. Ill. Dec. 16, 2002) ("it seems an inherently difficult task to adequately inform the recipient of his choices in a non-confusing manner"); <u>McClain</u>, 222 F.R.D. at 577 ("it may be confusing for a potential class member to receive a notice indicating that they must opt out of some claims and opt in to others").

For these reasons, court after court has decided that a Rule 23 opt-out class action is not superior to the Congressionally-mandated FLSA opt-in procedure for the adjudication of overtime claims. <u>See</u> <u>Edwards</u>, 467 F. Supp. 2d at 992; <u>Leuthold v. Destination America</u>, 224 F.R.D. 462, 469-70 (N.D. Cal. 2004); <u>McClain</u>, 222 F.R.D. at 578; <u>Muecke</u>, 2002 WL 1359411, at *2. As one court aptly stated in refusing to certify a state law overtime class action under Rule 23, the availability of an opt-in collective action under the FLSA "undercuts all the Rule 23(b)(3) superiority factors." <u>Edwards</u>, 467 F. Supp. 2d at 992 (quoting <u>Leuthold</u>, 224 F.R.D. at 469).

To the extent any group adjudication would even be appropriate, there exists a superior alternative method for adjudicating Plaintiff's state law overtime claim than as an opt-out Rule 23 class action.[3] As a result, Chase respectfully asks the Court to dismiss or strike Plaintiff's state law class claim for overtime.

## C. Federal Law Preempts The Use of Rule 23 To Adjudicate Class Claims For Overtime.

A federal statute can preempt the litigation of state law claims by express or implied preemption. <u>Int'l Paper Co. v. Ouellette</u>, 479 U.S. 481, 494 (1987). Here, Plaintiff's method of adjudicating his state law overtime claim, as an opt-out class action under Rule 23, is both expressly and impliedly preempted by the FLSA's opt-in requirement.

---

[3] Chase does not concede that this action should proceed as a collective action under Section 16(b) of the FLSA and reserves all arguments in that regard.

1.     **Plaintiff's Use of Rule 23 To Adjudicate His State Law Class Claim For Overtime Is Expressly Preempted by FLSA Section 16(b).**

The opt-in requirement of Section 16(b) applies, on its face, to any "action to recover the liability prescribed" by the FLSA's overtime provision. 29 U.S.C. § 216(b). Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir. 2003) ("That plain language [of Section 16(b)] indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole"). The present case indisputably is an "action" to recover the liability prescribed in the FLSA's overtime provision. This is true because Plaintiff seeks to recover overtime pay under the FLSA and he seeks, under the state law claim, to recover overtime pay for the same alleged hours of work, based on identical alleged facts, and based on the same legal standards, as those alleged with respect to the FLSA claim. (Compl. ¶¶ 11, 12, 16, 22, 50, 55-56). 820 ILCS 105/4a(2)(E) (adopting the FLSA definitions of bona fide executive, administrative and professional employees). See also Kennedy v. Commonwealth Edison Co., 410 F.3d 365, 375-76 (7th Cir. 2005) (finding plaintiffs exempt under FLSA and "[s]ince the plaintiffs' FLSA claims fail, their related state law claims under the IMWL must fail as well") (citing 820 ILCS 105/4a(2)(E)).[4] Therefore, by its express terms, FLSA Section 16(b)'s written consent requirement applies to both of the overtime claims in this action and precludes the litigation of either of those claims as an opt-out class under Rule 23.

2.     **Plaintiff's Use Of Rule 23 To Adjudicate His State Law Class Claim For Overtime Also Is Impliedly Preempted by FLSA Section 16(b).**

Plaintiff's method of adjudicating his state law overtime claim as an opt-out class action

---

[4] In relevant part, the Illinois Minimum Wage Law expressly exempts from overtime pay anyone employed in an "administrative" capacity "as defined by or covered by the Federal Fair Labor Standards Act of 1938 *[29 U.S.C. § 201* et seq.] and the rules adopted under that Act, as both exist on March 30, 2003 . . . ." 820 ILCS 105/4a (2)(E). The exemption standards for administrative employees under the FLSA and its regulations as they existed on March 30, 2003 are the same as those that exist today. Cf. 29 C.F.R. § 541.2 (2003) with 29 C.F.R. § 541.200 (2007).

under Rule 23 also is impliedly preempted by the FLSA's opt-in requirement.[5]  State law claims

are impliedly preempted where, as here, the pursuit of the state law claims would conflict with

the policy embodied in federal law, or where it would "stand[] as an obstacle to the

accomplishment and execution of the full purposes and objectives of Congress."  Gade v. Nat'l

Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 98 (1992) (citation omitted) (holding that federal

OSHA statute setting occupational health and safety standards preempted any state law

establishing occupational health and safety standards in areas covered by OSHA).  See also

Hurley v. Motor Coach Industries, Inc., 222 F.3d 377 (7th Cir. 2000) (Federal Motor Vehicle

Safety Standard 208 preempted state law suit based on the alternate design theory; "because

federal law gives bus manufacturers a choice as to the driver protection systems installed in a

particular bus, an Illinois tort suit that rests on a theory that forecloses that choice is preempted").

      A federal law will preempt a state law even where the statutes share the same goal, if the

state law "interferes with the methods by which the federal statute was intended to reach this

goal."  Gade, 505 U.S. at 88 (emphasis added).  In Clean Air Mkts. Group v. Pataki, 338 F.3d 82

(2d Cir. 2003), the court found that the Clean Air Act preempted New York's Air Pollution

Mitigation Law ("APML").  Through the Clean Air Act, Congress set up an emission allocation

system where utilities were granted a set number of emission allowances annually, which they

could sell to "any other person who holds such allowances."  Id. at 84.  New York State passed

the APML, which included a provision that required utilities that sold their emission allowances

to certain "upwind" states to pay New York an amount of money equal to the sale price.  Id. at

85.  The Second Circuit concluded that this particular provision of the state law was preempted:

---

[5] Significantly, Chase does not contend that the FLSA preempts the Illinois Minimum Wage Law or
Plaintiff's individual claim under that statute.  It is Plaintiff's attempt to use Rule 23's opt-out procedure
to litigate the overtime claims of absent class members without their written consent that the FLSA's opt-
in requirement preempts.

Even where federal and state statutes have a common goal, a state law will be preempted '<u>if it interferes with the methods by which the federal statute was designed to reach this goal</u>.'  There can be no doubt that [the APML] interferes with the method selected by Congress for regulating SO2 emissions.

<u>Id.</u> at 87 (emphasis added) (citing <u>Ouellette</u>, 479 U.S. at 494).

Courts have previously invoked the doctrine of implied preemption in holding that the FLSA preempts state law remedies.  For example, in <u>Berry v. 34 Irving Place Corp.</u>, 4 Wage & Hour Cas. (BNA) 564 (S.D.N.Y. 1944), the plaintiff prevailed on his FLSA claims and sought to recover an award of interest under New York state law.  The court looked to Congress' intent in promulgating the liquidated damages remedy under the FLSA.  Finding that liquidated damages were intended to compensate workers for the loss of the use of their unpaid wages, the court held that the plaintiff could not recover the state-law remedy of interest.  "Nothing in the statute suggests anything but a legislative intention to provide a uniform rule as to such damages, a rule in no way dependent upon the varying standards and provisions of the several states."  <u>Id</u>.  <u>See also</u> <u>Brooklyn Sav. Bank v. O'Neil</u>, 324 U.S. 697,  715 (1945) (finding that Congress must have intended to preclude the recovery of interest when it enacted the FLSA since an award of liquidated damages serves a similar purpose); <u>Choimbol v. Fairfield Resorts, Inc.</u>, No. 2:05cv463, 2006 WL 2631791, at *5 (E.D. Va. Sept. 11, 2006) ("[I]t is Congress' clear intent that the FLSA be the sole remedy available to employees for enforcement of whatever rights he may have under the FLSA") (internal quotations omitted).

Similarly, the FLSA impliedly preempts Plaintiff's method of adjudicating his state law overtime claim on behalf of an opt-out class under Rule 23.  By enacting Section 16(b), Congress mandated that only individuals who affirmatively opt into a case by filing a written consent can be bound by the judgment.  <u>LaChapelle</u>, 513 F.2d at 289 (under the FLSA, "no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is,

given his written, filed consent").  If Plaintiff were permitted to use Rule 23 to litigate his

overtime claim on an opt-out basis, the result would be that absent class members who never

gave written consent would nevertheless have their FLSA overtime rights adjudicated.

Where there has been a final judgment on the merits in a prior suit involving the same

parties, a subsequent suit will be barred by *res judicata* if it and is based on the same cause of

action.  Licari v. City of Chicago, 298 F.3d 664, 667 (7th Cir. 2002).  In determining whether

two suits are based on the same "cause of action," the Seventh Circuit applies a "transactional"

test, which provides that separate claims will be considered the same cause of action if they arise

from a single group of operative facts.  Id.  Thus, *res judicata* precludes parties or their privies

not only from relitigating the same claim, but "from relitigating issues that were or could have

been raised" in the earlier action.  Cole v. Bd. of Trustees of Univ. of Illinois, 497 F.3d 770

(7th Cir. 2007).  As explained above, Illinois's Minimum Wage Law incorporates the FLSA's

standards, methods, and exemptions from coverage, see 820 ILCS 105/4a, and Plaintiff relies on

the same allegations to support his claims for overtime under both laws.  (Compl. ¶¶ 11, 12, 16,

22, 50, 55-56).  As a result, the adjudication of Plaintiff's state law overtime claim on an opt-out

basis would bar both he and absent class members from subsequently asserting FLSA claims.

See, e.g., Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 921-23 (9th Cir. 2003) (dismissing

FLSA claim as barred by *res judicata* where the employee had previously litigated a state law

claim for overtime); Molina v. Sea-Land Servs., Inc., 2 F. Supp. 2d 180, 184-85 (D.P.R. 1997)

(earlier state court judgment on plaintiff's state wage claims "has preclusive effect over the

F.L.S.A. cause of action"); Gonzalez v. City of New York, 396 F. Supp. 2d 411, 415-18

(S.D.N.Y. 2005) (holding that employment discrimination claims of police officers were barred

by *res judicata* where the Latino Officers Association previously brought a class action

involving the same facts and where the plaintiff officer was an absent member of the class).

Because Plaintiff's Illinois claim is duplicative of his FLSA claim, seeking the same compensation for the same hours of work based on the same alleged facts under the same legal standards, should Plaintiff be determined to be exempt or otherwise not entitled to overtime pay under Illinois law, that determination would also determine, under principles of *res judicata* and *collateral estoppel*, that Plaintiff <u>and every absent class member</u> who has not opted out of the suit are not entitled to overtime pay under the FLSA. <u>See</u> <u>Eisen</u>, 417 U.S. at 176. Thus, an absent class member, John Doe, who thereafter attempts to assert a claim for overtime under the FLSA, would be barred from doing so because his FLSA rights already would have been adjudicated without his written consent through *res judicata* and *collateral estoppel*. This is <u>exactly</u> the result Congress barred when it enacted Section 16(b). Thus, Plaintiff's attempt to use Rule 23 to adjudicate the overtime rights of absent class members without their written consent is impliedly preempted by FLSA Section 16(b).

**D.    Litigating Plaintiff's State Law Overtime Claim Under Rule 23 Would Violate The Rules Enabling Act By Abridging The Substantive Rights Of Absent Class Members And Chase.**

Permitting Plaintiff to use Rule 23 to proceed with his state law overtime claim on an opt-out class basis also would violate the Rules Enabling Act, which prohibits the application of a rule of practice and procedure where such application would "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Rule 23 does not create any substantive rights and is limited in its application by the REA. <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 612-13 (1997) ("[We are] mindful that Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act"). <u>See also</u> Alba Conte & Herbert B. Newberg, <u>Newberg on Class Actions</u> § 1:2 ("Significantly, procedural Rule 23 cannot be construed to . . . abridge, modify, or enlarge any substantive right") (citing the REA).

13

Section 16(b) of the FLSA, on the other hand, creates substantive rights in both employees and employers. The United States Department of Labor, the federal agency charged with interpreting and enforcing the FLSA, has explained that this is a substantive right that is protective of employees:

> Section 16(b) of the FLSA unambiguously provides employees the right not to have their statutory claims litigated without their written consent. . . . The advance written consent requirement, as distinguished from procedural provisions in the FLSA, goes to an employee's fundamental right not to be included as a plaintiff in a lawsuit or arbitration. Thus, in the Secretary's view, the right to participate in a collective action only upon submission of one's written consent <u>is a substantive right</u>.

Secretary of Labor Amicus Letter Brief in <u>Long John Silver's Rests., Inc. v. Cole</u>, No. 05-CV-3039 (D.S.C. Filed Dec. 13, 2005) (emphasis added). Likewise, Congress granted employers the substantive right to defend claims for unpaid overtime only against individuals who bring or affirmatively opt into an action. <u>See</u>, <u>e.g.</u>, <u>Sperling</u>, 493 U.S. at 173 (FLSA was enacted in part for "the purpose of . . . freeing employers of the burden of representative actions").

In the present case, the Court should not allow Rule 23, a <u>procedural</u> rule, to be applied in such a way that it would abridge the <u>substantive</u> rights of both absent class members and Chase. Allowing Plaintiff to use a procedural rule to litigate his overtime claim on an opt-out basis would abridge the substantive rights of absent class members by adjudicating their FLSA rights without their written consent. As explained above, any determinations by this Court as to Plaintiff's rights to overtime wages under Illinois law would, through *res judicata* and *collateral estoppel*, necessarily determine the same rights under the FLSA as to every absent class member who did not opt out of the action, even without their written consent. Likewise, permitting Plaintiff to litigate his overtime claim as an opt-out class action under Rule 23 would abridge the substantive right Congress conferred upon employers like Chase not to litigate overtime claims against absent class members who have never consented to participating in the suit. Indeed, Rule

14

23's authors recognized that, as a procedural rule, its opt-out provisions must give way to the substantive rights in Section 16(b).  See Fed R. Civ. P. 23 Adv. Comm. Notes ("The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23, as amended").

Because Plaintiff's use of Rule 23 to litigate his overtime claim on behalf of an opt-out class would abridge the substantive rights Congress conferred on absent class members and employers when it amended the FLSA to establish the written consent requirement, this application of Rule 23 is the precluded by the Rules Enabling Act, 28 U.S.C. § 2072(b).[6]

## CONCLUSION

For all these reasons, Chase respectfully requests that the Court dismiss or strike Plaintiff's Rule 23 class claim for overtime in Count II of the Complaint.

Respectfully submitted,

   s/ Lucy Schwallie

DATED:  January 22, 2008

Sari M. Alamuddin
Lucy D. Schwallie
Morgan Lewis & Bockius, LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
(312) 324- 1000

ATTORNEYS FOR DEFENDANTS
JPMORGAN CHASE & CO.; CHASE
INVESTMENT SERVICES CORP.

---

[6] Chase acknowledges that although many courts have precluded plaintiffs from litigating state law claims for overtime as opt-out class actions under Rule 23, several courts have not accepted the arguments that the FLSA or the REA preclude such claims.  Those courts, however, did not consider or address the full implications of the fact that the doctrines of *res judicata* and *collateral estoppel* will operate to adjudicate the FLSA claims of absent class members.  The one court that has addressed this issue concluded, correctly, that the adjudication of state law overtime claims would have preclusive effect on class members' FLSA rights.  But that court then went on to conclude, incorrectly, that the substantive rights of absent class members not to have their FLSA claims adjudicated through *res judicata* "can be protected by opting out of the Rule 23 class action."  Klein v. Ryan Beck Holdings, Inc., 2007 WL 2059828, *7 (S.D.N.Y. July 13, 2007).  Indeed, the Klein court's view that an absent class member must opt out of an action to protect his or her FLSA rights flies in the fact of the FLSA, the case law interpreting it, and the Department of Labor's position that employees have a right not to have their FLSA claims litigated without their written consent.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 22, 2007, I electronically filed Defendants JPMorgan

Chase & Co.'s and Chase Investment Services Corporation's Motion to Dismiss or Strike

Pursuant to Fed. R. Civ. P. 12, Memorandum of Law, and Notice of Motion with the Clerk of the

Court using the CM/ECF system which sent notification of such filing to the following:


**Joseph H. Meltzer**
**Robert W. Biela**
**Robert J. Gray**
Schiffrin, Barroway, Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19807
(610) 667-7706

**Gerald D. Wells, III**
Schiffrin & Barroway, LLC
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004-3481
(610) 667-7706

**Marvin Alan Miller**
**Matthew E. Van Tine**
Miller Law LLC
115 South LaSalle Street
Suite 2910
Chicago, IL 60603
312-332-3400
(312) 676-2676 (fax)


By:        s/ Lucy Schwallie

1