IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMIRI CURRY, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JPMORGAN CHASE & CO.; CHASE INVESTMENT SERVICES CORP.; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No.:  07-CV-6149<br><br>Judge Norgle<br><br>Magistrate Judge Schenker |

**DEFENDANTS JPMORGAN CHASE & CO.'S AND CHASE INVESTMENT SERVICES CORPORATION'S ANSWER AND DEFENSES**

Defendants JPMorgan Chase & Co. and Chase Investment Services Corporation ("CISC") (collectively, "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby answer the Complaint of Plaintiff Amiri Curry ("Plaintiff") in the above-captioned matter by admitting, denying, and averring as follows:

### INTRODUCTION

1. As explained herein, under applicable employment laws, Financial Advisors (defined below) are entitled to premium overtime compensation. In short, if Financial Advisors work over forty hours per week, they are entitled to premium overtime pay.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. This is a nationwide collective action on behalf of all "Financial Advisors," defined as: individuals who sold and/or marketed securities and other financial products ("Financial Products") on behalf of Defendants (defined herein), including but not limited to employees with any one of the following job titles: (i) Financial Advisor, (ii) Investment Representative, (iii) Investment Advisor, (iv) Account Executive, and/or (v) Investment Financial Consultant, who are or were employed by J.P. Morgan Chase & Co., Chase Investment Services, Corp. (collectively "Chase"), or any other parent, subsidiary, related, or successor companies (collectively, the "Company") to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

**ANSWER:** Defendants admit that Plaintiff purports to bring this action as a collective action as he has defined it in Paragraph 2 of the Complaint, but deny that the case should proceed as a collective action, or that Defendants engaged in any unlawful conduct. Defendants deny the remaining allegations in Paragraph 2.

3. Plaintiff also brings this action as a state-wide class action on behalf of all current and former Financial Advisors within the State of Illinois to recover all unpaid overtime wages pursuant to the Illinois Minimum Wage Law ("ILMWL"), 820 ILCS 105/1 *et seq_;* and the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS 115/1 *et seq.* (collectively, the "IL Labor Laws").

**ANSWER:** Defendants admit that Plaintiff purports to bring this action as a class action as he has defined it in Paragraph 3 of the Complaint, but deny that the case should proceed as a class action, or that Defendants engaged in any unlawful conduct. Defendants deny the remaining allegations in Paragraph 3.

4. Plaintiff is unaware of the names and capacities of those defendants sued as DOES I through 10 but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants I through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship. Unless otherwise specified, Plaintiff will refer to all defendants, including the Company, collectively as "Defendant" and each allegation pertains to each Defendant.

**ANSWER:** Defendants aver that the allegations in Paragraph 4 of the Complaint are directed at parties other than Defendants and Defendants lack sufficient information to either admit or deny the allegations in Paragraph 4 of the Complaint.

### SUMMARY OF CLAIMS

5. Plaintiff brings this suit on behalf of two classes of similarly situated persons composed of
    (a) All current and former Financial Advisors of Defendant who have worked for Defendant within the three years prior to the filing of this complaint to the present who are/were engaged in, or are/were training to be engaged in, the

2

>    business of selling Financial Products, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class"); and
>    (b) All current and former Financial Advisors of Defendant in the State of Illinois who are/were engaged in, or are/were training to be engaged in, the business of selling Financial Products (the "IL Class").

**ANSWER:**   Defendants admit that Plaintiff purports to bring this action as a class and collective action as he has defined them in Paragraph 5 of the Complaint, but deny that the case should proceed as a class and/or collective action, or that Defendants engaged in any unlawful conduct. Defendants deny the remaining allegations in Paragraph 5.

6. The IL Class and the Nationwide Collective Class are hereafter collectively referred to as the "Classes."

**ANSWER:**   Defendants admit that Plaintiff has defined the term "classes" in Paragraph 6 of the Complaint, but deny that the case should proceed as a class and/or collective action, or that Defendants engaged in any unlawful conduct. Defendants deny the remaining allegations in Paragraph 6.

7. Plaintiff alleges on behalf of himself and the Nationwide Collective Class who elect to opt-in that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

**ANSWER:**   Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Plaintiff alleges on behalf of himself and the 1L Class that Defendant violated the IL Labor Laws by, *inter alia,:* (i) failing to pay them premium overtime compensation at the rate of one and one-half times the employee's regular rate for all hours worked in excess of 40 hours in any given workweek; (ii) improperly withholding funds from the wages of Plaintiff and members of the IL Class; and (iii) failing to maintain true and accurate records of the hours worked by Plaintiff and the IL Class.

**ANSWER:**   Defendants deny the allegations in Paragraph 8 of the Complaint.

9. As a result of Defendant's violation of the above-referenced laws, Plaintiff and the members of the Classes were illegally under-compensated for their work.

**ANSWER:**   Defendants deny the allegations in Paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS**

10. Plaintiff and the other similarly situated members of the Classes are/were inside sales people, and/or trainees to become inside sales people, engaged in the sale of Financial Products on behalf of Defendant, who regularly worked in excess of forty hours per workweek without any premium for overtime pay as required by law.

**ANSWER:** Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Due to the nature of the job responsibilities and requirements of Defendant's Financial Advisors, Plaintiff and members of the Classes were, and continue to be, required to work more than 40 hours a week during the course of their employment with Defendant.

**ANSWER:** Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for overtime work.

**ANSWER:** Defendants aver that the allegations in Paragraph 12 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 12.

13. The duties of Financial Advisors are set forth in uniform, company-wide policies and procedures promulgated by Defendant.

**ANSWER:** Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Pursuant to the Defendant's uniform employment policies, Financial Advisors were paid principally on a commission basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation.

**ANSWER:** Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendant's employment policies regarding Financial Advisors did not *require* them to hold an advanced degree.

**ANSWER:** Defendants admit the allegation in Paragraph 15 of the Complaint that financial advisors employed by CISC are not required to have a post-graduate degree. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16. Although the FLSA and IL Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

**ANSWER:** Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Plaintiff and the members of the Classes were compensated with a draw against their commissions, and did not receive a guaranteed salary that was not offset by their earned commissions.

**ANSWER:** Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Plaintiff and members of the Classes are not administratively exempt because, among other things, their primary duty is the sale of Financial Products.

**ANSWER:** Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Plaintiff and members of the Classes are not exempt under the commissioned sales exemption because this exemption is unavailable to Defendant due to the fact that Defendant lacks a retail concept. Businesses that lack a retail concept under the FLSA cannot claim the commissioned sales exemption.

**ANSWER:** Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Plaintiff and the Classes do not qualify for the professional exemption described in the Act, see 29 U.S.C. § 213, or under Illinois law because Financial Advisors are not employed in a bona fide professional capacity, requiring a specific degree in a field of science or learning.

**ANSWER:** Defendants deny the allegations in Paragraph 20 of the Complaint.

21. As such, Financial Advisors, including Plaintiff and members of the Classes, have been wrongfully classified by Defendant, and are not exempt from the requirement of premium overtime pay.

**ANSWER:** Defendants deny the allegations in Paragraph 21 of the Complaint.

22. In violation of the Act and Illinois labor law, Plaintiff and the members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the 40 hour work week.

**ANSWER:** Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Plaintiff alleges on behalf of the members of the Classes that Defendant's failure to pay overtime was knowing and willful. Accordingly, Plaintiff and the members of the Classes are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid.

**ANSWER:** Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Classes, as well as the applicable compensation rates, is in the possession of Defendant. If these records are unavailable, members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

**ANSWER:** Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Each of the foregoing acts is in contravention of applicable employment laws.

**ANSWER:** Defendants deny the allegations in Paragraph 25 of the Complaint.

### JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

**ANSWER:** Defendants aver that the allegations contained in Paragraph 26 of the Complaint call for legal conclusions to which no response is required.

27. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including Plaintiff, have a different citizenship from Defendant; and (iii) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

**ANSWER:** Defendants aver that the allegations contained in Paragraph 27 of the Complaint call for legal conclusions to which no response is required.

28. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs state law claims because those claims derive from a common nucleus of operative facts.

**ANSWER:** Defendants aver that the allegations contained in Paragraph 28 of the Complaint call for legal conclusions to which no response is required.

29. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Defendants aver that the allegations contained in Paragraph 29 of the Complaint call for legal conclusions to which no response is required.

## PARTIES

**30.** Plaintiff Amiri Curry ("Plaintiff") is an Illinois resident who was a Financial Advisor employed by Defendant during the statutory period covered by this complaint, who Defendant failed to compensate for all hours worked over forty per week.

**ANSWER:** Defendants admit that Plaintiff Curry was a financial advisor of Chase Investment Services Corp. from in or about November 2003 until in or about January 2007, and that CISC's records reflect that he lived in Illinois. Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

**31.** For purposes of the Nationwide Collective Class, Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Defendants deny the allegations in Paragraph 31 of the Complaint.

**32.** Defendant Chase is a corporation organized and existing under the laws of the State of Delaware which is registered to do business in the State of Illinois. At all relevant times during the Class Period, Chase has maintained offices within the State of Illinois. Upon information and belief, Chase, a leading global financial services firm with operations in more than 50 countries, employs hundreds of Financial Advisors at any one time during the relevant class period.

**ANSWER:** Defendants admit that JPMorgan Chase & Co. is a Delaware corporation, permitted to do business in the State of Illinois, and has offices in the State of Illinois, and is a leading global financial services firm with operations in more than 50 countries. Defendants admit that Chase Investment Services Corporation is a Delaware corporation, permitted to do business in the State of Illinois, has offices in the State of Illinois, and employs hundreds of financial advisors. Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

**33.** Plaintiff brings this action on behalf of himself and the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of himself and the IL Class for claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS

10511 *et. seq.,* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq., as a class* action pursuant to the Federal Rules of Civil Procedure 23.

**ANSWER:** Defendants admit that Plaintiff purports to bring this action as a class and collective action as he has defined them in Paragraph 33 of the Complaint, but deny that the case should proceed as a class and/or collective action, or that Defendants engaged in any unlawful conduct. Defendants deny the remaining allegations in Paragraph 33.

**34.** The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the IMWL and IWPCA may be pursued by all similarly-situated persons who do not opt-out of the IL Class pursuant to the Federal Rules of Civil Procedure 23.

**ANSWER:** Defendants deny the allegations in Paragraph 34 of the Complaint.

**35.** The members of each of the Classes are so numerous that joinder of all members is impracticable. The exact number of the members of the Classes can be determined by reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there are hundreds of individuals in each class.

**ANSWER:** Defendants deny the allegations in Paragraph 35 of the Complaint.

**36.** Plaintiff will fairly and adequately protect the interests of the Classes, and has retained counsel who are experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

**ANSWER:** Defendants deny the allegations in Paragraph 36 of the Complaint.

**37.** A class action/collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

**ANSWER:** Defendants deny the allegations in Paragraph 37 of the Complaint.

**38.** A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FLSA and applicable IL Labor Laws.

**ANSWER:** Defendants deny the allegations in Paragraph 38 of the Complaint.

**39.** Furthermore, even if any member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

**ANSWER:** Defendants deny the allegations in Paragraph 39 of the Complaint.

**40.** There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

>(a) Whether the Defendant employed the members of the Classes within the meaning of the applicable statutes, including the FLSA;
>(b) Whether Financial Advisors were uniformly, willfully and wrongfully classified by Defendant as exempt from overtime compensation;
>(c) Whether Defendant lacks a retail concept;
>(d) Whether Defendant failed to pay Plaintiff and members of the Classes all premium overtime compensation due to them by virtue of their uniform designation as exempt;
>(e) Whether Plaintiff and members of the Classes were expected to, and/or mandated to, regularly work hours in excess of forty (40) per week;
>(f) Whether Defendant violated any other statutory provisions regarding compensation due to Plaintiff and members of the Classes; and
>(f) Whether Plaintiff and the Classes have sustained damages and, if so, what is the proper measure of damages.

**ANSWER:** Defendants deny the allegations in Paragraph 40 of the Complaint and its

subparagraphs.

**41.** Plaintiffs claims are typical of the claims of the Classes. Plaintiff and the Classes have sustained damages arising out the wrongful and uniform employment policies of Defendant in violation of the FLSA and IL Labor Laws as alleged herein.

**ANSWER:** Defendants deny the allegations in Paragraph 41 of the Complaint.

**42.** Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**ANSWER:** Defendants deny the allegations in Paragraph 42 of the Complaint.

**43.** Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

> All persons, who: (1) are/were employed as Financial Advisors with the Company; (ii) are/were not paid overtime compensation for work performed beyond the forty (40) hour work week; and (iii) choose to opt-in to this action (the "Nationwide Collective Class").

**ANSWER:** Defendants admit that Plaintiff purports to bring this action as a collective action as he has defined them in Paragraph 43 of the Complaint, but deny that the case should proceed as a collective action, or that Defendants engaged in any unlawful conduct. Defendants deny the remaining allegations in Paragraph 43.

44. Notice of the pendency and any resolution of this action can be provided to Nationwide Collective Class by mail, print, and/or internet publication.

**ANSWER:** Defendants admit that Plaintiff purports to bring this action as a collective action as he has defined them in Paragraph 44 of the Complaint, but deny that the case should proceed as a collective action, or that any notice to putative class members is appropriate, or that Defendants engaged in any unlawful conduct. Defendants deny the remaining allegations in Paragraph 44.

45. Plaintiff brings this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure and Rule on behalf of the following persons similarly situated (the "IL Class"):

> All persons within the State of Illinois who: (i) are/were employed as Financial Advisors with the Company; and (ii) are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate or pay for work performed beyond the forty (40) hour work week.

**ANSWER:** Defendants admit that Plaintiff purports to bring this action as a class action as he has defined them in Paragraph 45 of the Complaint, but deny that the case should proceed as a class action, or that Defendants engaged in any unlawful conduct. Defendants deny the remaining allegations in Paragraph 45.

## COUNT ONE

**46.** Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

**ANSWER:** Paragraphs 1-45 above are incorporated by reference as if fully set forth herein.

**47.** At all relevant times, Defendant have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER:** Defendants aver that the allegations in Paragraph 47 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that they are employers engaged in interstate commerce.

**48.** At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA.

**ANSWER:** Defendants deny the allegations in Paragraph 48 of the Complaint.

**49.** As stated above, Defendant has a policy and practice of refusing to pay overtime compensation to its Financial Advisors for the hours worked in excess of forty hours per week.

**ANSWER:** Defendants deny the allegations in Paragraph 49 of the Complaint.

**50.** Defendant's failure to pay Plaintiff and all other members of the Nationwide Collective Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the 40 hour workweek, is a violation of 29 U.S.C. §§ 206, 207.

**ANSWER:** Defendants deny the allegations in Paragraph 50 of the Complaint.

**51.** The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

**ANSWER:** Defendants deny the allegations in Paragraph 51 of the Complaint.

**52.** Due to Defendant's FLSA violations, Plaintiff, on behalf of the members of the Nationwide Collective Class, is entitled to recover from Defendant, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**    Defendants deny the allegations in Paragraph 52 of the Complaint.

## COUNT TWO

**53.** Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**    Paragraphs 1-52 above are incorporated by reference as if fully set forth herein.

**54.** The State of Illinois has recognized the importance of protecting employees, and as such has codified its own regulations in the IL Labor Laws.

**ANSWER:**    Defendants aver that the allegations in Paragraph 54 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 54.

**55.** Specifically, 820 ILCS 105/4a, states that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked **in** excess of forty per week, unless the employee falls under one of the enumerated exemptions.

**ANSWER:**    Defendants aver that the allegations in Paragraph 55 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed necessary, the provisions in 820 ILCS 105/4 speak for themselves.

**56.** Plaintiff and members of the IL Class regularly worked more than 40 hours per week, and received no premium pay for hours worked in excess of 40 per week.

**ANSWER:**    Defendants deny the allegations in Paragraph 56 of the Complaint.

**57.** During the applicable class period, Plaintiff and members of the IL Class did not meet the tests for exempt status under the IL Labor Laws.

**ANSWER:**    Defendants deny the allegations in Paragraph 57 of the Complaint.

**58.** Defendant's willful and unlawful acts of wrongly classifying the IL Class as exempt constitute violations of the IL Labor Laws, by not paying the required state law overtime pay to the members of the IL Class.

**ANSWER:**    Defendants deny the allegations in Paragraph 58 of the Complaint.

**59.** Pursuant to 820 ILCS 105/12a, Plaintiff requests an order requiring Defendant to make restitution of all state law overtime wages due to the IL Class in an amount to be proved at trial, along with the costs of this litigation and reasonable attorney's fees.

**ANSWER:** Defendants admit that Plaintiff purports to seek the relief referenced in Paragraph 59 of the Complaint, but deny that Plaintiff or anyone else is entitled to any relief.

### COUNT THREE

**60.** Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

**ANSWER:** Paragraphs 1-59 above are incorporated by reference as if fully set forth herein.

**61.** The IL Labor Laws limit employers from withholding wages from employees pay to specifically enumerated situations outlined in the IWPCA, 820 ILCS 115/9.

**ANSWER:** Defendants aver that the allegations in Paragraph 61 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed necessary, the provisions in 820 ILCS 115/9 speak for themselves.

**62.** Throughout the applicable statutory period Defendant withheld wages from the pay of the members of the IL Class which were not authorized by the IWPCA, specifically 820 ILCS 115/9, and applicable regulations.

**ANSWER:** Defendants deny the allegations in Paragraph 62 of the Complaint.

**63.** The withholdings referenced herein included chargebacks, which were not the fault of the members of the IL Class.

**ANSWER:** Defendants deny the allegations in Paragraph 63 of the Complaint.

**64.** Thus the withholdings at issue violate the IWPCA because they are not authorized by the IWCPA.

**ANSWER:** Defendants deny the allegations in Paragraph 64 of the Complaint.

**65.** As a result of Defendant's improper withholdings from the wages of the members of the IL Class, Plaintiff and the other members were damaged in an amount to be proven at trial.

**ANSWER:** Defendants deny the allegations in Paragraph 65 of the Complaint.

**66.** Therefore, Plaintiff, on behalf of the IL Class, requests that Defendant reimburse all members of the IL Class from whom it improperly withheld a portion of their wages, and all such other relief that this Court deems appropriate pursuant to the IL Labor Laws.

**ANSWER:** Defendants admit that Plaintiff purports to seek the relief referenced in Paragraph 66 of the Complaint, but deny that Plaintiff or anyone else is entitled to any relief.

### COUNT FOUR

**67.** Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

**ANSWER:** Paragraphs 1-66 above are incorporated by reference as if fully set forth herein.

**68.** 820 ILCS 105/8 require employers to keep for a period of not less than 3 years, true and accurate records of, among other things, the name, address, and occupation of each of its employees, the rate of pay, and the amount paid each pay period to each employee, the hours worked each day in each work week by each employee.

**ANSWER:** Defendants aver that the allegations in Paragraph 68 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed necessary, the provisions in 820 ILCS 105/8 speak for themselves.

**69.** Upon information and belief, Defendant did not keep such records, in violation of IL Labor Laws.

**ANSWER:** Defendants deny the allegations in Paragraph 69 of the Complaint.

**70.** Therefore, Plaintiff, on behalf of the IL Class, requests all such relief that this Court deems appropriate pursuant to the IL Labor Laws.

**ANSWER:** Defendants admit that Plaintiff purports to seek the relief referenced in Paragraph 70 of the Complaint, but deny that Plaintiff or anyone else is entitled to any relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:
A. A Declaration that Defendant has violated the FLSA and other applicable employment laws;
B. An Order designating Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with

instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    C.    An Order designating the IL Class as an Illinois state class action pursuant to the Federal Rule of Civil Procedure 23;

    D.    An Order appointing Plaintiff and their counsel to represent the Classes;

    E.    Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Classes as the result of the actions described above;

    F.    An Order enjoining Defendant from any further violations of the FLSA and the IL Labor Laws;

    G.    For compensatory and punitive damages and all other statutory remedies permitted;

    H.    Prejudgment interest;

    I.    An Order awarding attorneys' fees and costs;

    J.    An Order for equitable restitution of all wages improperly withheld or deducted by Defendant; and

    K.    For all other relief as the Court deems just.

**ANSWER:** Defendants deny that either Plaintiff or any other individuals are entitled to any relief in this action.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein.

Defendants deny that either Plaintiff or any other individuals are entitled to any relief in this action.

## DEFENSES

1.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

3. Plaintiff was exempt from the overtime under one or more exemptions, or combination of exemptions, including but not limited to the administrative, executive, professional, outside sales, highly compensated employee, and/or 29 U.S.C. § 207(i).

4. The pursuit of Plaintiff's Illinois claims conflicts with and/or is preempted by, in whole or in part, by federal law.

5. The pursuit of Plaintiff's Illinois claims abridges or modifies the substantive rights of absent class members and Defendants contrary to the provisions of the Rules Enabling Act, 28 U.S.C. §2072(b).

6. Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins.

7. If Defendants' failure to pay overtime was unlawful, although such is not admitted, Defendants had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

8. Defendants' failure to pay Plaintiff overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of an administrative agency, including but not limited to the Wage and Hour Division of the United States Department of Labor.

9. If Defendants' failure to pay Plaintiff overtime wages was unlawful, although such is not admitted, none of Defendants' actions or omissions constitutes a willful violation of the Fair Labor Standards Act or state law.

10. To the extent any deductions were made from the wages of Plaintiff, although such is not admitted, such deductions were made for his benefit and with his express written consent.

11. Plaintiff never was employed by Defendant JPMorgan Chase & Co., nor were any potential opt-ins or putative class members.

12. Some or all of Plaintiff's claims are subject to mandatory arbitration.

13. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, offset, and/or setoff.

14. The Court lacks jurisdiction with respect to some or all of Plaintiff's claims.

15. Plaintiff has no private right of action under the record-keeping provisions of 820 ILCS 105/8.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

**WHEREFORE**, Defendants demand judgment as follows:

A. Dismissing Plaintiff's Complaint in its entirety.

B. Granting Defendants their costs, disbursements, and attorneys' fees incurred in this action; and

C. Granting such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  January 22, 2008 |    s/ Lucy Schwallie<br>Sari M. Alamuddin<br>Lucy D. Schwallie<br>Morgan Lewis & Bockius, LLP<br>77 West Wacker Drive, 5th Floor<br>Chicago, IL 60601<br>(312) 324- 1000 |
|  | ATTORNEYS FOR DEFENDANTS JPMORGAN CHASE & CO.; CHASE INVESTMENT SERVICES CORP. |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2007, I electronically filed Defendants JPMorgan Chase & Co.'s and Chase Investment Services Corporation's Answers and Defenses with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:


**Joseph H. Meltzer**
**Robert W. Biela**
**Robert J. Gray**
Schiffrin, Barroway, Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19807
(610) 667-7706

**Gerald D. Wells, III**
Schiffrin & Barroway, LLC
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004-3481
(610) 667-7706

**Marvin Alan Miller**
**Matthew E. Van Tine**
Miller Law LLC
115 South LaSalle Street
Suite 2910
Chicago, IL 60603
312-332-3400
(312) 676-2676 (fax)


By:     s/ Lucy Schwallie