# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

AMIRI CURRY, on behalf of himself and all
others similarly situated,

                Plaintiff,

                v.

JPMORGAN CHASE & CO.; CHASE
INVESTMENT SERVICES CORP.; and
DOES 1 through 10, inclusive,

                Defendants.

Case No. 2:07-CV-6149

Judge Norgle

Magistrate Judge Schenker

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS STATE
LAW CLASS CLAIMS ASSERTED IN PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................

ARGUMENT .............................................................................................................................

I.    PLAINTIFF'S ALLEGATIONS ARE MORE THAN ADEQUATE TO
      MEET DEFENDANTS' RULE 12 CHALLENGE.................................................

II.   PLAINTFF'S STATE LAW CLAIMS ARE NOT INHERENTLY
      IMCOMPATIBLE WITH FEDERAL LAW...........................................................

      A.    There is No Legal Precedent Requiring Dismissal of Plaintiff's State
            Law Class Claims ........................................................................................

            1.    FLSA § 216(b) Does Not Apply to Plaintiff's Illinois Wage
                  Claims ...............................................................................................

            2.    The Overwhelming Majority of Courts Have Not Found A
                  Conflict Between Opt-Out And Opt-In Claims .............................

      B.    Courts in the Seventh Circuit Have Rejected Defendants' Claim of
            "Inherent Incompatibility" .........................................................................

      C.    Class Treatment of Plaintiff's State Law Claims Is Superior And Will
            Not Confuse Putative Plaintiffs Nor Deprive Them Of Their Substantive
            Rights ..........................................................................................................

III.  THE RULES ENABLING ACT IS SIMPLY INAPPLICABLE ...........................

CONCLUSION............................................................................................................................

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Acosta v. Scott Labor LLC*,
　No. 05-CV-2518, 2006 WL 27118 (N.D. Ill. Jan. 3, 2006).................................................9, 11

*Aguayo v. Oldenkamp Trucking*,
　No. 04-CV-6279, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005)...............................................10

*Allen v. WTD Indus., Inc.*,
　No. 99-CV-249, 2000 U.S. Dist. LEXIS 22382 (D. Or. Oct. 11, 2000).................................10

*Ansoumana v. Gristede's Operating Corp.*,
　201 F.R.D. 81 (S.D.N.Y. 2001) ................................................................................................9

*Aragon v. Bravo Harvesting, Inc.*,
　No. 89-CV-1282, 1993 WL 432402 (D. Ariz. May 7, 1993) ....................................................7

*Baas v. Dollar Tree Stores, Inc.*,
　No. 07-CV-03108, 2007 U.S. Dist. LEXIS 65979 (N.D. CA. August 29, 2007)...................10

*Bahramipour v. Citigroup Global Mkts., Inc.*,
　No. 04-CV-4440, 2006 WL 449132 (N.D. Cal. Feb. 22, 2006) ..............................................10

*Bamonte v. City of Mesa*,
　No. 06-CV-1860, 2007 U.S. Dist. LEXIS 50101 (D. Ariz. July 10, 2007) ...........................10

*Barnett v. Wash. Mut. Bank*,
　No. 03-CV-0753, 2004 WL 2011462 (N.D. Cal. Sept. 9, 2004) ..............................................7

*Bartleson v. Winnebago Indus., Inc.*,
　No. 02-CV-3008, 2003 WL 22427817 (N.D. Iowa Oct. 24, 2003) ........................................10

*Belbis v. County of Cook*,
　No. 01-CV-6119, 2002 WL 31600048 (N.D. Ill. Nov. 18, 2002) ............................................9

*Bell Atlantic Corp. v. Twombly*,
　127 S.Ct 1955 (2007)................................................................................................................3

*Beltran-Benitez v. Sea Safari, Ltd.*,
　180 F. Supp. 2d 772 (E.D.N.C. 2001).......................................................................................9

*Breeden v. Benchmark Lending Group, Inc.*,
　229 F.R.D. 623 (N.D. Cal. 2005)............................................................................................10

*Brzychnalski v. Unesco, Inc.*,
   35 F. Supp. 2d 351 (S.D.N.Y 1999)................................................................9

*Chan v. Triple 8 Palace*,
   No. 03-CV-6048, 2004 WL 1161299 (S.D.N.Y. May 24, 2004) ..............................9

*Chao v. A-One Medical Services, Inc.*,
   346 F.3d 908 (9th Cir. 2003) ....................................................................14

*Chavez v. IBP, Inc.*,
   No. 01-CV-5093, 2002 WL 31662302 (E.D. Wash. Oct. 28, 2002) ......................10

*Chemi v. Champion Mortg.*,
   No. 05-CV-1238, 2006 WL 454363 (D.N.J. Feb., 23, 2006) ................................9

*Cryer v. Intersolutions, Inc.*,
   No. 06-CV-2032, 2007 WL 1191928 (D.D.C. April 20, 2007)...............................9

*De La Fuente v. FPM Ipsen Heat Treating, Inc.*,
   No. 02-CV-50188, 2002 WL 31819226 (N.D. Ill. 2002) ....................................13

*De Leon-Granados v. Eller & Sons Trees, Inc.*,
   No. 06-CV-15876, 2007 WL 2456206 (11th Cir. August 31, 2007)........................8

*DeWalt v. Carter*,
   224 F.3d 607 (7th Cir.2000) ......................................................................3

*E. Sugar Assocs. v. Pena*,
   222 F.2d 934 (1st Cir. 1955)......................................................................5

*Edwards v. City of Long Beach*,
   467 F. Supp.2d 986 (C.D. Cal. 2006) ...........................................................13

*Farhy v. Janney Montgomery Scott, LLC*,
   No. 06-CV-3202, 2007 WL 1455764 (E.D. Pa. Apr. 26, 2007) .........................9, 15

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. 174 (W.D.N.Y. 2005).................................................................9

*Frank v. Gold'n Plump Poultry, Inc.*,
   No. 04-CV-1018, 2005 WL 2240336 (D. Minn. Sept. 14, 2005)..........................10

*Gade v. Nat'l Solid Waste Mgmt. Ass'n*
   505 U.S. 88 (1992)..................................................................................6

*Garay v. RDO-BOS Farms, LLC*,
   No. 06-CV-174, 2007 WL 273604 (D. Or. Jan. 23, 2007) .................................10

*Goldman v. Radioshack Corp.*,
  No. 03-CV-0032, 2003 WL 21250571 (E.D. Pa. Apr. 16, 2003) ...........................................9

*Hurley v. Motor Coach Indus., Inc.*,
  222 F.3d 377 (7th Cir. 2000) ........................................................................................6

*Hyman v. WM Financial Services, Inc.*,
  No. 06-CV-4038, 2007 WL 1657392 (D.N.J. June 7, 2007) ....................................................12

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
  239 F.R.D. 363 (S.D.N.Y. 2007) ...................................................................................9

*In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*,
  No. MDL 1439, 2003 WL 23669376 (D. Or. May 19, 2003) ..................................................10

*Jankowski v. Castaldi*,
  No. 01-CV-0164, 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006) ...............................................9

*Kelley v. SBC, Inc.*,
  No. 97-CV-2729, 1998 U.S. Dist. LEXIS 18643 (N.D. Cal. Nov. 13, 1998) ........................10

*Kennedy v. Commonwealth Edison Co.*,
  410 F.3d 365 (7th Cir. 2005) ......................................................................................11

*Klein v. Ryan Beck Holdings, Inc.*,
  No. 06-CV-3460, 2007 WL 2059828 (S.D.N.Y. July 13, 2007) ...............................1, 5, 7, 14

*Ladegaard v. Hard Rock Concrete Cutters, Inc.*,
  No. 00-CV-5755, 2000 WL 1774091 (N.D. Ill. Dec.1, 2000)...................................4, 9, 12-13

*Lee v. ABC Carpet & Home*,
  236 F.R.D. 193 (S.D.N.Y. 2006) ...................................................................................9

*Lehman v. Legg Mason, Inc.*,
  No. 06-CV-02484, 2007 WL 2768519 (M.D. Pa. Sept. 20, 2007) ...............................9, 11, 15

*Lenahan v. Sears, Roebuck & Co.*,
  No. 02-CV-0045, 2006 WL 2085282 (D.N.J. July 24, 2006)...................................................9

*Leuthold v. Destination America, Inc.*,
  224 F.R.D. 462 (N.D. Cal. 2004)...................................................................................13

*Lindsay v. Gov't Employees Ins. Co.*,
  448 F.3d 416 (D.C. Cir. 2006)........................................................................................8

*Marquez v. Partylite Worldwide, Inc.*,
  No. 07-CV-2024, 2007 WL 2461667 (N.D. Ill. Aug.27, 2007) ...........................................4, 13

*Mascol v. E & L Transp., Inc.*,
  No. 03-CV-3343, 2005 WL 1541045 (E.D.N.Y. June 29, 2005) .............................................9

*McClain v. Leona's Pizzeria, Inc.*,
  222 F.R.D. 574 (N.D. Ill. 2004).................................................................................11, 13

*McLaughlin v. Liberty Mut. Ins. Co.*,
  224 F.R.D. 304 (D. Mass. 2004).................................................................................. 7, 9-10

*Mendez v. Radec Corp.*,
  232 F.R.D. 78 (W.D.N.Y. 2005).................................................................................................9

*Moeck v. Gray Supply Corp.*,
  No. 03-CV-1950, 2006 WL 42368 (D.N.J. Jan. 6, 2006)................................................ 11-12

*Neary v. Metro. Prop. & Cas. Ins. Co.*,
  472 F. Supp. 2d 247 (D. Conn. 2007)...................................................................................15

*Noble v. 93 Univ. Place Corp.*,
  224 F.R.D. 330 (S.D.N.Y. 2004) ............................................................................................9

*O'Brien v. Encotech Constr. Servs., Inc.*,
  203 F.R.D. 346 (N.D. Ill. 2001)........................................................................................ 9, 12-13

*Ouedraogo v. Durso Assocs.*,
  No. 03-CV-1851, 2005 WL 1423308 (S.D.N.Y. June 16, 2005) .............................................9

*Overnite Transp. Co. v. Tianti*,
  926 F.2d 220 (2d Cir. 1991)................................................................................................ 6-7

*Pacific Merch. Shipping Ass'n v. Aubrey*,
  918 F.2d 1409 (9th Cir.1990) .................................................................................................6

*Riddle v. National Sec. Agency, Inc.*,
  No. 05-CV-5880, 2007 WL 2746597 (N.D Ill. 2007) .............................................................13

*Rodriguez v. The Texan, Inc*,
  No. 01-CV-1478, 2001 WL 1829490 (N.D. Ill. Mar. 7, 2001).................................................11

*Romero v. Producers Dairy Foods, Inc.*
  235 F.R.D. 474 (E.D. Cal. 2006) .........................................................................................10

*Salazar v. Agriprocessors, Inc.*,
  No. 07-CV-1006, 2007 WL 3102158 (N.D. Iowa Oct.22, 2007) ............................................9

*Saur v. Snappy Apple Farms, Inc.*,
  203 F.R.D. 281 (W.D. Mich. 2001).........................................................................................9

*Scholtisec et al. v. Eldre Corp.*
229 F.R.D. 381 (W.D.N.Y. 2005) .......................................................................9

*Sheuer v. Rhodes*,
416 U.S. 232 (1974) ........................................................................................3

*Smellie v. Mount Sinai Hosp.*,
No. 03-CV-0805, 2004 WL 2725124 (S.D.N.Y. Nov. 29, 2004) ...........................9

*State of Nevada Employees' Ass'n v. Bryan*,
916 F.2d 1384 (9th Cir. 1990) .........................................................................7

*Takacs v. A.G. Edwards & Sons, Inc.*,
444 F. Supp. 2d 1100 (S.D. Cal. 2006) .............................................................10

*Tomlinson v. Indymac Bank, F.S.B.*,
359 F. Supp. 2d 898 (C.D. Cal. 2005) ...........................................................6, 10

*Torres v. Gristede's Operating Corp.*,
No. 04-CV-3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006) ...........................9

*Trinidad v. Breakaway Courier Sys.*,
No. 05-CV-4116, 2007 WL 103073 (S.D.N.Y. Jan. 12, 2007) ..............................9

*Trotter v. Perdue Farms, Inc.*,
No. 99-CV-893, 2001 WL 1002448 (D. Del. Aug. 16, 2001) ................................9

*Velez v. Majik Cleaning Serv.*,
No. 03-CV-8698, 2005 WL 106895 (S.D.N.Y. Jan. 19, 2005) ..............................9

*Wang v. Chinese Daily News, Inc.*,
231 F.R.D. 602 (C.D. Cal. 2005) ....................................................................10

*Williamson v. General Dynamics Corp.*,
208 F.3d 1144 (9th Cir. 2000) .........................................................................6

*Wraga v. Marble Lite, Inc.*,
No. 05-CV-5038, 2006 WL 2443554 (E.D.N.Y. Aug. 22, 2006) ...........................9

*Yon v. Positive Connections, Inc.*
No. 04-CV-2680, 2005 WL 628016 (N.D. Ill. Feb. 2, 2005) ...............................10

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

29 U.S.C. §§ 202, ...........................................................................................7

29 U.S.C. § 216(b) ................................................................................. Passim

29 U.S.C. § 218 ...........................................................................................5, 15

Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ..................................1

Plaintiff Amiri Curry ("Plaintiff"), by and through his undersigned counsel, hereby submits his Memorandum of Law in Opposition to Defendants' JP Morgan Chase & Co. & Chase Investment Services Corp. ("Defendants" or "Chase") Motion to Dismiss [Plaintiff's] State Law Class Claims.

## INTRODUCTION

In a sweeping motion, Defendants attempt to usurp the legislative powers of the State of Illinois and, at the same time, rewrite the Federal Rules of Civil Procedure. Defendants (correctly) acknowledge that claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA" or "Act") can be brought as a collective, opt-in action. Defendants, however, also boldly claim (incorrectly) that "Plaintiff's effort to litigate a state law overtime claim as an 'opt-out' class action under Rule 23 is 'inherently incompatible' with FLSA § 16(b)." Memorandum of Law of Defendants JPMorgan Chase & Co. and Chase Investment Services Corp., Inc. In Support Of Their Motion to Dismiss or Strike Pursuant to FED. R. CIV. P. 12 ("Def. Memo.") at 1. Defendants incredulously take the position that using Rule 23 to certify an opt-out class for state law overtime claims would thwart and undermine Congressional intent. Def. Memo. at 4-6. Defendants make this assertion even though nothing in the FLSA or legislative history of the Act even remotely supports this theory. Indeed, one United States District Court recently called Defendants' "inherent incompatibility" argument "an imaginary legal doctrine."[1] Yet, this unfounded contention lies at the heart of Defendants' argument.

In short, Defendants' arguments, whether analyzed individually or in the aggregate, lack any sound legal principle, and despite assertions to the contrary, they are also against the prevailing weight of authority. Defendants ignore the undeniable fact that Plaintiff has

---

[1] *See, e.g., Klein v. Ryan Beck Holdings, Inc.*, No. 06-CV-3460, 2007 WL 2059828 (S.D.N.Y. July 13, 2007).

independent rights and claims under *both* state law and federal law, and he can bring *both* an opt-in collective action under the FLSA and an opt-out class action under state law. The fact that Plaintiff chooses to seek relief for both state and federal violations does not somehow preclude one form of relief over another – nor the procedural mechanism by which Plaintiff seeks to pursue such relief. While there have been a few cases where the courts did not allow state opt-out claims to be commingled with FLSA opt-in claims, no court has ruled that these state opt-out claims were barred as a matter of law and may not be independently asserted. Nor is there any authority for the proposition that a state opt-out class claim is both "expressly and impliedly" preempted by the FLSA.

The simple reason for this lack of authority is that FLSA § 216(b) does not apply to state wage claims, such as Plaintiff's Illinois wage claims. Respectfully, these are two separate statutory schemes: one addressing federal claims and the other addressing state claims, enacted by two separate and distinct legislative bodies. These statutes are complementary to one another, not mutually exclusive approaches, in providing protection for the American worker.

As established by the clear weight of directly relevant jurisprudence, Defendants' arguments do not support dismissal of Plaintiff's state claims, especially at this nascent stage of the litigation. Therefore, their motion to dismiss should be denied in its entirety.

## ARGUMENT

### I.  PLAINTIFF'S ALLEGATIONS ARE MORE THAN ADEQUATE TO MEET DEFENDANTS' RULE 12 CHALLENGE

As a threshold matter, Plaintiff's claims are subject to the liberal pleading standard set forth in FED. R. CIV. P. 8. Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief that provides the defendant with fair notice of the claim against him. FED. R. CIV. P. 8. A complaint must only plead enough facts to state a claim to

relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1960 (2007). Moreover, dismissal of an action under the rule is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir.2000). Indeed, a FED. R. CIV. P. 12(b)(6) dismissal is unwarranted even if the district court is of the opinion that a plaintiff is unlikely to prevail on the merits. *Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In the instant matter, Plaintiff's allegations are substantially detailed and clearly satisfy Rule 8.

## II. PLAINTIFF'S STATE LAW CLAIMS ARE NOT INHERENTLY INCOMPATIBLE WITH FEDERAL LAW

### A. There Is No Legal Precedent Requiring Dismissal of Plaintiff's State Law Class Claims

Absent clear legal precedent evincing an undeniable bar to proceeding with Illinois state law class claims concurrently with federal collective claims as a matter of law, Plaintiff's state class claims should not be dismissed. Defendants fail utterly to show otherwise. A well-reasoned analysis of federal precedent clearly demonstrates that Defendants' proffered theory supporting dismissal is without merit. Defendants' selective citation to a few decisions purportedly favorable to their position bestows their arguments with little authority, as those decisions are clearly distinguishable and outweighed by the preponderance of directly relevant case law.

#### 1. FLSA § 216(b) Does Not Apply to Plaintiff's Illinois Wage Claims

Defendants incorrectly insist that Plaintiff's state law claims, utilizing the "opt-out" procedures of Rule 23, are "inherently incompatible" with the provisions of the FLSA, particularly the "opt-in" mechanism established by § 216(b), and thus conflict with Congress' purpose and intent in enacting § 216(b) of the FLSA. Def. Memo. at 3. Specifically,

Defendants posit that "permitting such a claim to go forward, would irreconcilably conflict with the written consent, or 'opt-in' requirement that Congress has mandated for group overtime actions." Def. Memo. at 3.  As asserted herein, aside from Defendants' Memorandum, there is no authority for Congress' alleged "mandate" for §216(b) to dictate the procedures for pursuing state law claims.  Indeed, this argument wholly ignores the explicit statutory provisions of the FLSA itself.  Further, district courts in the Seventh Circuit have refuted Defendants' claims that Congress intended the FLSA to preempt Rule 23 class actions for state claims.  *See*, *e.g.,* *Marquez v. Partlite Worldwide, Inc.*, No. 07-CV-2024, 2007 WL 2461667, at *6 (N.D. Ill. Aug.27, 2007) (concluding that the FLSA does not expressly prohibit Rule 23 class certification on wage claims brought under other statutes…); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00-CV-5755, 2000 WL 1774091, at *7 (N.D. Ill. Dec.1, 2000) (concluding that the presence of both FLSA and state claims has not prevented courts from certifying the state claims under Rule 23(b)).

Defendants' skewed interpretation of the purpose of the FLSA's "opt-in" requirement, much like its arguments in general, is flawed and misleading.  As a preliminary matter, there is nothing in § 216(b), the FLSA as a whole, or any other federal statue for that matter, that expressly prohibits state labor law rights from being enforced procedurally through an opt-out class action.  By its own terms, FLSA § 216(b) applies only to actions brought pursuant to that act:

> An action to recover the liability prescribed in either of the preceding sentences [i.e., *for violations of sections 6, 7, or 15(a)(3) of the Act*] may be maintained against any employer (including a public agency)…by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. 29 U.S.C. § 216(b) (emphasis added).

4

Defendants' argument wholly ignores the unmistaken, plain language of the Act. Further there is strong evidence that Congress intended to limit the application of the terms of the FLSA solely to federal claims brought pursuant to it. *See e.g., E. Sugar Assocs. v. Pena*, 222 F.2d 934, 938 (1st Cir. 1955) ("The statute of limitations imposed by section 6 of the Portal-to-Portal Act by its terms, however, applies only to suits to enforce causes of action under the [FLSA]…It does *not* purport to apply to similar causes of action arising under state law and was *not intended to do so*….") (internal quotations omitted) (emphasis added). Indeed, Defendants have failed to cite any authority that allows a court to apply the procedures of § 216(b) to state wage claims.

Consequently, FLSA § 216(b) does not, as Defendants claim, serve as the exclusive means for asserting all group wage claims. It simply prohibits employees from being plaintiffs in a FLSA action without their consent. On its face, the limited scope of the opt-in mechanism of the FLSA is quite clear. *See*, *e.g*., *Klein v. Ryan Beck Holdings, Inc.*, No. 06-CV-3460, 2007 WL 2059828, at *5 (S.D.N.Y. July 13, 2007) (noting, "As plaintiff correctly observes, the FLSA's collective action mandate applies only to actions brought pursuant to the FLSA—not to employment law actions generally.") (citing 29 U.S.C. § 216(b))[2]. Because Plaintiff's Illinois state wage claims are not claims for violations of the FLSA, certification of those claims as a Rule 23 class action does not conflict with federal law, much less Congressional intent.

Further undermining Defendants' argument, the FLSA explicitly requires that employers comply with state employment laws, tacitly acknowledged by the statute's "savings clause," that states can provide for separate laws to protect their citizens in addition to the protections

---

[2] In *Klein*, Senior United States District Judge William Conner denied a similar motion seeking to dismiss state labor law class actions based in part on an imaginary conflict between state opt-out claims and FLSA § 216(b).

accorded under the FLSA.  *See* 29 U.S.C. § 218.  In doing so, the FLSA does not mandate nor limit the means by which an employee may seek relief for violations of state law requirements.[3]

Numerous courts in other Circuits have rejected Defendants' argument.  Defendants' suggestions of preemption are completely inapposite with relevant authority.[4]  In *Williamson v. General Dynamics Corp.*, 208 F.3d 1144 (9th Cir. 2000), the Ninth Circuit recognized that the FLSA contains no language that expressly preempts state law claims, and § 218(a) "is evidence that Congress did not intend to preempt the entire field" of wage and hour regulation. *Williamson,* 208 F.3d at 1151; *see also Pacific Merch. Shipping Ass'n v. Aubrey*, 918 F.2d 1409, 1421 (9th Cir.1990) (stating that the intent of § 218(a) is to leave undisturbed "the traditional exercise of the states' police powers with respect to wage and hours more generous than the federal standards).  The Ninth Circuit refused to accept the argument that the FLSA, and by extension the § 216(b) opt-in mechanism, provided the exclusive remedy for plaintiffs' claims. This rejected argument is precisely what Defendants in the instant matter assert as good law.[5]

The Second Circuit has similarly rejected the notion that Congress somehow intended the FLSA to be the exclusive remedy for aggrieved employees seeking relief for unpaid overtime

---

[3] As recently as September 20, 2007, this argument was rejected by the Middle District of Pennsylvania.  *Lehman v. Legg Mason, Inc.*, No. 06-CV-02484, 2007 WL 2768519 (M.D. Pa. Sept. 20, 2007) (Rambo, J.) Docket No. 50, Order, dated September 20, 2007 (denying motion to dismiss state class allegations stating, "This court is persuaded that nothing in the plain text of the FLSA reflects Congressional intent to limit the substantive remedies available to an employee under state law, nor to limit the procedural mechanism by which such a remedy may be pursued.")

[4] Defendants cite to cases purporting to support their claims of preemption, however none of the cases involve the FLSA.  *See e.g. Gade v. Nat'l Solid Waste Mgmt. Ass'n* 505 U.S. 88 (1992) (discussing OSHA statute); *Hurley v. Motor Coach Indus., Inc*., 222 F.3d 377 (7th Cir. 2000) (discussing Federal Motor Vehicle Safety Standard 208).

[5] *See also*, *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898, 901 (C.D. Cal. 2005) (stating, "the Court is unaware of any legislative history that evidences Congress' intent to forbid states from permitting claims for overtime wages who have not opted into a representative class.")

wages.  In *Overnite Transp. Co. v. Tianti*, 926 F.2d 220 (2d Cir. 1991), the Court rejected a similar argument as the one put forth by Defendants and remarked, "every Circuit that has considered the issue has reached the same conclusion – state overtime wage law is not preempted by…the FLSA."  *Id.* at 222, (citations omitted).  *See also, Klein*, at *6 (stating, "The FLSA contains no provision preempting other methods of prosecuting *state law* employment litigation.) (emphasis in original).  Likewise, the First Circuit recognizes that the provisions of the FLSA concern federal claims only.  *See McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304, 308 (D. Mass. 2004) (concluding that "Congress acted only with respect to federal claims, however, and did not preempt or limit the remedies available through state law).

Defendants' claims of "Congressional intent" notwithstanding, there is simply no indication in the legislative history of § 216(b) that Congress intended to preclude by reason of the federal statutory scheme an employee's right to pursue state law remedies.  Even though limitations were added to the Portal-to-Portal Act, and revisions made to the FLSA, there has never been any language added indicating that Congress envisioned that the Act would supersede state law claims.  *See e.g., Aragon v. Bravo Harvesting, Inc.*, No. 89-CV-1282, 1993 WL 432402, *5 (D. Ariz. May 7, 1993) (stating "a review of the text of the Portal to Portal Act…reveals that it was enacted not in response to state actions, but in response to judicial interpretations of the FLSA").

Thus, the clear text of the FLSA, the Portal-to-Portal Act and legislative history do not even remotely reference state labor claims, or more importantly, any limitations on the procedures for pursuing those claims, individually or collectively.  *See* 29 U.S.C. §§ 202, 216(b), 251; *see also State of Nevada Employees' Ass'n v. Bryan,* 916 F.2d 1384, 1391 (9th Cir. 1990) (noting, "In 1947, Congress amended the FLSA to limit the parties who could bring suit *under*

*the FLSA* in the Portal-to-Portal amendments.") (emphasis added) (citing 61 Stat. 87); *Barnett v. Wash. Mut. Bank*, No. 03-CV-0753, 2004 WL 2011462, at *6 (N.D. Cal. Sept. 9, 2004) (stating, "[T]he Portal to Portal Act was enacted in response to judicial interpretations of the FLSA – *not in response to a proliferation of state wage claims*.") (emphasis added).

Hence, although federal claims brought under the FLSA must use the opt-in procedures of §216(b), there is nothing evincing any Congressional intent to limit the procedures by which one could enforce state labor laws.

**2.    The Overwhelming Majority of Courts Have Not Found A Conflict Between Opt-Out And Opt-In Claims**

Defendants' argument that the opt-in procedures of the FLSA have a preclusive effect on the pursuit of state wage claims through traditional and allowable opt-out procedures has been rejected far more times than it has been adopted.  One circuit court that addressed this issue directly, *Lindsay v. Gov't Employees Ins. Co*., 448 F.3d 416 (D.C. Cir. 2006), ruled that an FLSA opt-in collective action and a state Rule 23 opt-out class action may proceed simultaneously:

> "While there is unquestionably a difference – indeed, an opposite requirement between opt-in and opt-out procedures, we doubt that a mere *procedural* difference can curtail section 1367's *jurisdictional* sweep."

*Lindsay*, 448 F.3d at 424 (emphasis in original) (reversing district court's denial of opt-out class certification on state law claims.)  Further, on August 31, 2007, the Eleventh Circuit issued an opinion supporting the well-reasoned approach that it is not an abuse of discretion to certify an opt-out class action after certifying an FLSA opt-in class in the same proceeding. *De Leon-Granados v. Eller & Sons Trees, Inc*., No. 06-CV-15876, 2007 WL 2456206, at *1, (11th Cir. August 31, 2007).  In affirming the district court's decision to certify a Rule 23 opt-out class for wage claims under the Agriculture Worker Protection Act, after having conditionally certified a §216(b) class under the FLSA, the Eleventh Circuit correctly concluded that "If Congress

intended §216(b) to be the exclusive remedy for violations of the AWPA's wage payment provisions, it would have said so." *Id.*, at *3.[6] These courts could not have certified FED. R. CIV. P. 23 state class claims if, as Defendants posit, state law class claims were incompatible with § 216(b) claims as a matter of law, or if they were both "expressly and impliedly preempted."

More notable though is the fact that at least **fifty-one district courts in at least nine circuits**, including courts within this very circuit as well as the First, Second, Third, Fourth, Sixth, Eighth, Ninth and D.C. Circuits have found that Rule 23 class actions for state wage violations may properly proceed simultaneously with FLSA collective actions.[7] Indeed, one

---

[6] *See also Salazar v. Agriprocessors, Inc.*, No. 07-CV-1006, 2007 WL 3102158, at *9 (N.D. Iowa Oct.22, 2007) In *Salazar*, the court aptly noted, "Since 1947, Congress has done nothing to add language to the FLSA to expressly prohibit the exercise of supplemental jurisdiction over claims based on state wage and hour laws. For example, Iowa promulgated the IWPCL in 1975,… but, in the thirty-two years since its passage, Congress has refrained from enacting a law which provides for FLSA preemption of this state counterpart. *Id.*

[7] *See, e.g.*, D.C. Circuit:  *Cryer v. Intersolutions, Inc.*, No. 06-CV-2032, 2007 WL 1191928 (D.D.C. April 20, 2007); First Circuit:  *McLaughlin v. Liberty Mut. Ins.*, 224 F.R.D. 304 (D. Mass. 2004); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001); *Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351 (S.D.N.Y 1999); *Chan v. Triple 8 Palace*, No. 03-CV-6048, 2004 WL 1161299 (S.D.N.Y. May 24, 2004); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330 (S.D.N.Y. 2004); *Ouedraogo v. Durso Assocs.*, No. 03-CV-1851, 2005 WL 1423308 (S.D.N.Y. June 16, 2005); *Smellie v. Mount Sinai Hosp.*, No. 03-CV-0805, 2004 WL 2725124 (S.D.N.Y. Nov. 29, 2004); *Torres v. Gristede's Operating Corp.*, No. 04-CV-3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006); *Trinidad v. Breakaway Courier Sys.*, No. 05-CV-4116, 2007 WL 103073 (S.D.N.Y. Jan. 12, 2007); *Velez v. Majik Cleaning Serv.*, No. 03-CV-8698, 2005 WL 106895 (S.D.N.Y. Jan. 19, 2005); *Jankowski v. Castaldi*, No. 01-CV-0164, 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006); *Mascol v. E & L Transp., Inc.*, No. 03-CV-3343, 2005 WL 1541045 (E.D.N.Y. June 29, 2005); *Wraga v. Marble Lite, Inc.*, No. 05-CV-5038, 2006 WL 2443554 (E.D.N.Y. Aug. 22, 2006); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005); *Mendez v. Radec Corp.*, 232 F.R.D. 78 (W.D.N.Y. 2005); *Scholtisec et al. v. Eldre Corp.* 229 F.R.D. 381 (W.D.N.Y. 2005); Third Circuit:  *Chemi v. Champion Mortg.*, No. 05-CV-1238, 2006 WL 454363 (D.N.J. Feb., 23, 2006); *Lenahan v. Sears, Roebuck & Co.*, No. 02-CV-0045, 2006 WL 2085282 (D.N.J. July 24, 2006); *Lehman v. Legg Mason, Inc.*, No. 06-CV-02484, 2007 WL 2768519 (M.D. Pa. Sept. 20, 2007); *Farhy v. Janney Montgomery Scott, LLC*, No. 06-CV-3202, 2007 WL 1455764 (E.D. Pa. Apr. 26, 2007); *Goldman v. Radioshack Corp.*, No. 03-CV-0032, 2003 WL 21250571 (E.D. Pa. Apr. 16, 2003); *Goldman v. Radioshack Corp.*, No. 03-CV-0032, 2005 WL 1124172 (E.D. Pa. May 9, 2005); *Trotter v. Perdue Farms, Inc.*, No. 99-CV-893, 2001 WL 1002448 (D. Del. Aug. 16, 2001); Fourth Circuit:  *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772 (E.D.N.C. 2001); Sixth Circuit:  *Saur v.*

court stated the matter succinctly when it declined to "infer from the restriction of *federal* remedies a concomitant restriction on *state* remedies." *McLaughlin,* 224 F.R.D. at 308 (certifying a collective class under the FLSA, then subsequently certifying a state class on behalf of those employees who did not opt-in under the FLSA). Regardless of any arguments to the contrary, the multitude of decisions that have allowed both the federal opt-in and state opt-out classes to proceed simultaneously is evidence that an opt-out claim is not prohibited by or irreconcilably conflicted with the FLSA as a matter of law.

Further, the vast majority of courts to address this issue have also specifically found that there is no conflict with Congressional intent in allowing both opt-in FLSA claims and state opt-out claims to proceed simultaneously.[8] Indeed, a majority of the decisions cited by Defendants that purport to recognize an irreconcilable conflict did not base their decisions to dismiss state

---

*Snappy Apple Farms, Inc.*, 203 F.R.D. 281 (W.D. Mich. 2001); <u>Seventh Circuit</u>: *Acosta v. Scott Labor LLC*, No. 05-CV-2518, 2006 WL 27118 (N.D. Ill. Jan. 3, 2006); *Belbis v. County of Cook*, No. 01-CV-6119, 2002 WL 31600048 (N.D. Ill. Nov. 18, 2002); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00-CV-5755, 2000 WL 1774091 (N.D. Ill. Dec. 1, 2000); *O'Brien v. Encotech Constr. Servs., Inc.,* 203 F.R.D. 346 (N.D. Ill. 2001); *Yon v. Positive Connections, Inc.* No. 04-CV-2680, 2005 WL 628016 (N.D. Ill. Feb. 2, 2005); <u>Eighth Circuit</u>: *Bartleson v. Winnebago Indus., Inc.*, No. 02-CV-3008, 2003 WL 22427817 (N.D. Iowa Oct. 24, 2003); *Frank v. Gold'n Plump Poultry, Inc.*, No. 04-CV-1018, 2005 WL 2240336 (D. Minn. Sept. 14, 2005); <u>Ninth Circuit</u>: *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898 (C.D. Cal. 2005); *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602 (C.D. Cal. 2005); *Aguayo v. Oldenkamp Trucking*, No. 04-CV-6279, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005); *Romero v. Producers Dairy Foods, Inc.* 235 F.R.D. 474 (E.D. Cal. 2006); *Bahramipour v. Citigroup Global Mkts., Inc.*, No. 04-CV-4440, 2006 WL 449132 (N.D. Cal. Feb. 22, 2006); *Kelley v. SBC, Inc.*, No. 97-CV-2729, 1998 U.S. Dist. LEXIS 18643 (N.D. Cal. Nov. 13, 1998); *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100, 1116-7 (S.D. Cal. 2006); *Allen v. WTD Indus., Inc.*, No. 99-CV-249, 2000 U.S. Dist. LEXIS 22382 (D. Or. Oct. 11, 2000); *Ramirez v. RDO-BOS Farms, LLC*, No. 06-CV-174, 2007 WL 273604 (D. Or. Jan. 23, 2007); *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, No. MDL 1439, 2003 WL 23669376 (D. Or. May 19, 2003); *Chavez v. IBP, Inc.*, No. 01-CV-5093, 2002 WL 31662302 (E.D. Wash. Oct. 28, 2002); *Wong v. HSBC Mortgage Corp. (USA)*, No. 07-CV-2446 MMC (N.D. Cal. May 7, 2007); *Baas v. Dollar Tree Stores, Inc.*, No. 07-CV-03108, 2007 U.S. Dist. LEXIS 65979 (N.D. CA. August 29, 2007); *Bamonte v. City of Mesa*, No. 06-CV-1860, 2007 U.S. Dist. LEXIS 50101, (D. Ariz. July 10, 2007); *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005).

[8] See n. 7, *supra*.

wage opt-out claims on this theory.[9]  *See e.g. Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 375-76 (7th Cir. 2005).  Def. Memo. at 9.  In *Kennedy*, a misclassification case that alleged violations of the FLSA and Illinois state labor law, the Seventh Circuit Court of Appeals determined that the plaintiff employees were properly classified as exempt under the FLSA and because the provisions of the Illinois law made a violation of the state law contingent upon a violation of the FLSA, the state law claims had to fail as well.  *See id.*  Nowhere in this case does it indicate that class and collective actions thwart congressional intent.

Similarly, Defendants' citation to this Court's decision in *Rodriguez v. The Texan, Inc*, No. 01-CV-1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001) is mischaracterized.  Def. Memo. at 4.  Like much of Defendants' flawed argument, this case does not support the interpretation of § 216(b) proffered by Defendants.  As pointed out by this Court in *Acosta v. Scott Labor LLC*, No. 05-CV-2518, 2006 WL 27118, at *3 (N.D. Ill. Jan.3, 2006), *Rogriguez* does not hold that the state law classes could not be certified but merely served as a warning to plaintiffs.  *Acosta*, 2006 WL 27118, at *3.  Thus, Defendants' use of this case to bolster its incorrect assertion that the maintenance of a Rule 23 class action is expressly preempted by FLSA 16(b) misses the mark.

Likewise, Defendants cite to *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004) to make the same point.  Def. Memo. at 4-5. The court in *Lehman v. Legg Mason*, *Inc.*, 2007 WL 2768519, at *3 (M.D. Pa. Sept. 20, 2007) pointed out a major shortcoming of the reasoning of *McClain* when it noted  that *McClain* concluded that dual filed actions undermine congressional intent without examining the savings clause of FLSA § 218(a). *Id.*  Defendants' argument suffers from the same shortcoming.

---

[9] *See e.g.*, *Moeck v. Gray Supply Corp.*, No. 03-CV-1950, 2006 WL 42368, at *5, (D.N.J. Jan. 6, 2006) cited by Defendants at 5. (declining certification of class based on lack of commonality and typicality, not on any purported "irreconcilable conflict" between state claims and the FLSA);

**B.      Courts in the Seventh Circuit Have Rejected Defendants' Claim of "Inherent Incompatibility"**

Notwithstanding the handful of district court cases from this Circuit that Defendants cite in support of their position, this Court's decision in *Ladegaard*, 2000 WL 1774091 should put to rest any perceived notion that the FLSA categorically precludes the adjudication of state opt-out wage claims.  In *Ladegaard*, the Court observed, "[E]ven with the presence of the FLSA action, individual plaintiffs could bring an action in state court on state claims. To avoid this result, and to further judicial economy, it is desirable to concentrate the litigation in one forum." *Id*. at *7; s*ee also Acosta v. Scott Labor LLC*, No. 05-CV-2518, 2006 WL 27118, at *2 (N.D. Ill. Jan.3, 2006) (stating that "To remand the state law claims while retaining jurisdiction over the individual federal claims would be a poor use of judicial resources); *O'Brien v. Encotech Const. Servs., Inc.*, 203 F.R.D. 346, 352 (N.D. Ill. 2001) (concluding that "It would be desirable to concentrate all litigation related to plaintiffs' common set of facts in this forum).

Plaintiff respectfully submits that Defendants' proffered authorities fail to substantiate Defendants' misguided belief that §216(b) and Rule 23 are "inherently incompatible."  As a preliminary matter, most of the cases cited by Defendants dismissed state class claims for reasons other than Defendants' preferred theory.  *See e.g.*, *Moeck v. Gray Supply Corp*. No. 03-CV-1950, 2006 WL 42368, at *5 (D.N.J. Jan. 6, 2006) (concluding the certification of plaintiffs' claims were not suitable due to issues with typicality and commonality).  Def. Memo. at 5.

**C.      Class Treatment of Plaintiff's State Law Claims Is Superior And Will Not Confuse Putative Plaintiffs Nor Deprive Them Of Their Substantive Rights**

In addition to its flawed argument that Congress meant to monopolize the procedures for pursuing group wage claims, Defendants put forth a similarly unsound theory, arguing that class treatment is not superior.  Def. Memo. at 6-8.  Defendants claim that class treatment is not

superior because it would "abridge the substantive rights of absent class members and Chase to have overtime claims covered by the FLSA adjudicated under the FLSA's opt-in mechanism." Def. Memo. at 7, 13-14.   Defendants cite to authorities allegedly supporting its position that dual actions are improper because confusion may result from notices requiring them to opt-in to certain claims and allowing them to opt-out of others.[10]   Def. Memo. at 7-8.

In direct contravention of Defendants' claim, this Court found that class actions are the superior method for adjudicating such claims.   *See e.g.   Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00-CV-5755, 2000 WL 1774091, at *7 (N.D. Ill. 2000) ("In evaluating [factors under Rule 23(b)(3)], the court finds that a class action is a superior method of adjudicating the state claims.")(citing *Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351, 354 (S.D.N.Y. 1999); *Marquez*, 2007 WL 2461667, at * 6 (concluding that "[b]ased on the Advisory Committee Notes to Rule 23 and Congress' addition of the written notice requirement to the FLSA, an opt-out class action is not likely to be the superior method for resolving Plaintiff's state-law claims that Defendant failed to make overtime payments).

Moreover, notices can be crafted to avoid any purported "confusion."   Indeed, courts have addressed the matter head on and found that any argument concerning "confusion" amongst the various class members can be addressed by counsel through properly crafted notices. *See*, *e.g.*, *O'Brien v. Encotech Const. Services, Inc.*, 203 F.R.D. 346, 352 (N.D. Ill. 2001) (noting "the

---

[10] See *Riddle v. National Sec. Agency, Inc*., No. 05-CV-5880, 2007 WL 2746597 (N.D Ill. 2007); *Edwards v. City of Long Beach*, 467 F. Supp.2d 986, 992 (C.D. Cal. 2006); *Leuthold v. Destination America, Inc*., 224 F.R.D. 462, 470 (N.D. Cal. 2004); *McClain v. Leona's Pizzeria, Inc*., 222 F.R.D. 574, 577 (N.D. Ill. 2004); *De La Fuente v. FPM Ipsen Heat Treating, Inc*., No. 02-CV-50188, 2002 WL 31819226, at *2 (N.D. Ill. 2002). Each of these cases is of questionable authority and clearly distinguishable from the present action, as all were procedurally more advanced than the instant litigation, and therefore had the benefit of discovery.

management of the class action should not be difficult as plaintiff's attorneys have indicated that they have successfully drafted such notices in other courts in this district...").

Further, Defendants' claims that the adjudication of Plaintiff's state law overtime claim on an opt-out basis would bar both he and absent class members from subsequently asserting FLSA claims, *see* Def. Memo. at 12, under the doctrines of *res judicata* and collateral estoppel is disingenuous as these principles would be applied in the same manner regardless of whether a prospective plaintiff filed an individual action, or agreed to participate in an opt-out class action Moreover, this argument also fails to consider, much less acknowledge, the basic and inescapable fact that potential state class members are free to opt-out of the class action, and elect to pursue their claims individually (under federal and/or state law for that matter).[11]

As with much of its argument, Defendants cite to cases that purportedly support its position but fall short. Even a cursory reading of the cases demonstrates that they either do not support Defendants' positions or are clearly distinguishable.[12] In the present matter, Plaintiff is bringing multiple claims pursuant to both federal and state statutes. It cannot be said definitively, nor is their any legal support to do so, that individuals who do not elect to opt-out of a state class would lose any substantive rights under *res judicata* for the redress of federal wage claims. Nor can it be argued that class members' substantive rights under the FLSA are impaired, since the FLSA explicitly allows for enforcement of state wage and hour claims.

---

[11] It is notable that this option is precisely what one recent opinion suggested. *See, Klein v. Ryan Beck Holdings, Inc*., No. 06-CV-3460, 2007 WL 2059828 (S.D.N.Y. July 13, 2007) ("The claimed substantive right of a prospective plaintiff to avoid the consequences of *res judicata* after selecting not to opt into an FLSA collective action can be protected by opting out of the Rule 23 class action.").

[12] *See e.g. Chao v. A-One Medical Services, Inc*., 346 F.3d 908 (9th Cir. 2003)(Plaintiff was barred by *res judicata* from participating in a FLSA action brought by the Department of Labor because the plaintiff had previously litigated a state law claim against the same employer.)

## III.     THE RULES ENABLING ACT IS SIMPLY INAPPLICABLE

Defendants also asserts that Plaintiff's state claims procedurally brought under Rule 23 would violate the Rules Enabling Act ("REA") due to its purported "abridgement" of the opt-in requirements of the FLSA. Def. Memo. at 13-15.  Contrary to what Defendants would have this court believe, Plaintiff's pursuit of class claims under Illinois labor laws, as explicitly authorized in the FLSA, does not abridge, enlarge or modify any substantive rights of Defendants or its employees who do not opt-in to the FLSA collective action.  Indeed, the dearth of directly relevant case law belies Defendants' proffered arguments.[13]

Defendants cannot credibly argue that any party's substantive rights under the FLSA are impaired if the FLSA allows states to enact their own wage and hour claims.  *See* 29 U.S.C. § 218.  In this case, Plaintiff's Rule 23 action does not seek to enforce rights under the FLSA, but rather to enforce rights properly created under Illinois labor law.  Hence, Rule 23 opt-out class action procedures do not curtail or impair any substantive rights, and therefore cannot constitute a violation the Rules Enabling Act.

## <u>CONCLUSION</u>

For all the reasons cited above, all relevant and directly analogous authority clearly and definitively demonstrates that federal and state wage claims may be jointly adjudicated irrespective of the procedural mechanisms by which such claims are brought.  As such, Plaintiff

---

[13]   In footnote 6 of their memo, Defendants tacitly acknowledge that their REA argument is unavailing.  See e.g., *Lehman* 2007 WL 2768519, at *4 (finding that the "the Rules Enabling Act…does not preclude [such] dual-filed suits" and noting that any procedural differences between the FLSA collective action and a Rule 23 class action "will not 'abridge, enlarge or modify' any substantive right of Plaintiff or Defendants under either statutory scheme."); *Farhy v. Janney Montgomery Scott, LLC*, Nos. 06-CV-3202, 06-CV-3969, 2007 WL 1455764, at *1 (E.D. Pa. April 26, 2007) (concluding that "the alleged violation of the Rules Enabling Act finds no support in the authorities relied upon by Defendant."); *Neary v. Metro. Prop. & Cas. Ins. Co.,* 472 F. Supp. 2d 247 (D. Conn. 2007).

respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety.


Dated February 15, 2008                               Respectfully submitted,


                                        By: _____ */s/ Marvin A. Miller*
                                             Marvin A. Miller
                                             Matthew E. Van Tine
                                             **MILLER LAW LLC**
                                             115 S. LaSalle Street
                                             Suite 2910
                                             Chicago, IL 60603
                                             Telephone:  312-332-3400
                                             Facsimile:  312-676-2676


                                             Joseph H. Meltzer
                                             Gerald D. Wells, III
                                             Robert J. Gray
                                             Robert W. Biela
                                             **SCHIFFRIN BARROWAY TOPAZ &
                                             KESSLER, LLP**
                                             280 King of Prussia Road
                                             Radnor, PA 19087
                                             Telephone: 610-667-7706
                                             Facsimile: 610-667-7056


                                             *Counsel for Plaintiff*

16

## <u>CERTIFICATE OF SERVICE BY ELECTRONIC MEANS</u>

   I, Marvin A. Miller, one of the attorneys for plaintiffs, hereby certify that on February 15, 2008, service of ***PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS STATE LAW CLASS CLAIMS ASSERTED IN PLAINTIFF'S COMPLAINT,*** was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.


             */s/  Marvin A. Miller*
             Marvin A. Miller