IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY BURKHART-DEAL,                         )
individually and on behalf                 )
of all others similarly situated,          )
                                           )    No. 7-1747
        Plaintiffs,                        )
                                           )
        vs.                                )
                                           )
CITIFINANCIAL, INC., and DOES              )
1 through 10, inclusive,                   )
                                           )
        Defendants.


AMBROSE, C.J.


**OPINION AND ORDER**

**SYNOPSIS**

In this civil action, Plaintiff, individually and on behalf of others similarly

situated, alleges that Defendant Citifinancial, Inc.,[1] her employer, violated the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Pennsylvania labor laws,

43 P.S. §§ 333.13, 333.104(c), 34 Pa. Code § 231.41 .  Therefore, she brings a

putative collective opt-in action pursuant to the FLSA, 29 U.S.C. §§ 207, 216, as well

as a putative opt-out class for violations of state law, pursuant to Fed. R. Civ. P. 23.

 More specifically, Plaintiff claims that Defendant violated both federal and state

law by failing to pay minimum wage for all hours worked, and failing to pay

appropriate overtime.

---

[1]Plaintiff also seeks redress against several unidentified Doe Defendants.  For the sake of
clarity, I refer to the Defendants collectively, in the singular.

Before the Court is Defendant's Motion to Dismiss Counts three and four of the Complaint, which assert state law class claims. For the following reasons, Defendant's Motion will be granted in part.

## OPINION

### DISCUSSION

#### I. APPLICABLE STANDARDS

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Id. at 666. A complaint "need not plead law or match facts to every element of a legal theory." Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001). Stating a claim requires a complaint with enough factual matter, taken as true, to suggest the required element; this "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" that element. Bell Atl. Corp. v. Twombly, ___ U.S. __, 127 S. Ct. 1955, 1965-66, 167 L. Ed. 2d 929 (2007). The movant bears the burden of demonstrating entitlement to relief. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

#### II. DEFENDANTS' MOTION

I first address Defendant's central argument: that an opt-out class action

2

under Rule 23 conflicts, impermissibly, with a collective opt-in action under FLSA

Section 216.[2]   According to this argument, Congress limited the scope of certain

collective actions under the FLSA by requiring class members to affirmatively opt

in to such actions.  29 U.S.C. § 216(b).  In contrast, state law actions brought

pursuant to the pertinent portions of Rule 23 require class members to opt out

of the action.  Barabin v. Aramark Corp., No. 02-8057, 2003 U.S. App. LEXIS 3532,

2003 WL 355417, at *1 (3d Cir. Jan. 24, 2003).   Rule 23 class actions are not

permitted under the FLSA.  See 29 U.S.C. § 216(b).   Because of this clash,

Defendant argues, allowing Plaintiff's state law claims to proceed under Rule 23

as an opt-out action undermines the FLSA's opt-in requirements.

The Court of Appeals for the Third Circuit has not yet ruled on the question

of whether parallel opt-in and opt-out actions of the type at issue here, in which

each has an independent jurisdictional basis, may proceed in a single lawsuit.

District courts within this Circuit have addressed the issue, however, with varying

results.  Courts barring dual actions have, informed by preemption principles,

engaged in thorough analyses of the readily apparent conflict between the FLSA

opt-in provision and the corollary opt-out aspect of Rule 23.[3]

I take particular note of the relatively recent decision in Ellis v. Edward D.

---

[2]The "incompatibility" argument must be distinguished from a challenge to the exercise of supplemental jurisdiction over the state law claims.  De Ascencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003), examined the latter.  Defendants here expressly concede that supplemental jurisdiction is not at issue, as Plaintiff has asserted jurisdiction premised on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).   Therefore, I focus solely on the "incompatibility" argument.

[3]Plaintiff cites to a 2003 law review article referring to this as a minority position.  Since the time of that article, however, the position disallowing parallel claims appears to have gained some traction within this Circuit.

3

Jones & Co., L.P., 527 F. Supp. 2d 439 (W.D. Pa. 2007).[4]   As my colleague noted in

that case, the opt-in language of the FLSA was designed to "prohibit what

precisely is advanced under [Fed. R. Civ. P.] 23 ...."  Id. at 447 (quoting

Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1249 (11th Cir.

2003)); see also Ramsey v. Ryan Beck & Co., Inc., 2007 U.S. Dist. LEXIS 56129, 5-7 (E.D.

Pa. July 31, 2007); cf. Woodard v. FedEx Freight East, Inc., No. CV-06-1968, 2008 U.S.

Dist. LEXIS 11919 (M.D. Pa. 2008).  This conflict cannot be brushed aside as

insignificant.  Our Court of Appeals has stated that  "mandating an opt in [sic]

class or an opt-out class is a crucial policy decision," and that "the distinction

between opt-in and opt-out classes is crucial."   De Asencio v. Tyson Foods, Inc.,

342 F.3d 301, 310, 311 (3d Cir. Pa. 2003).  The distinction resonates with particular

force in this case, in which the FLSA and state law claims are based on identical

factual foundations.[5]   Because of the identity of claims, to permit a mirror-image

Rule 23 class to proceed alongside an FLSA collective action would not only nullify

Congress' mandate, but also disregard the crucial nature of its choice.

---

[4]In light of Judge Gibson's thoughtful and comprehensive decision, as well as my own consideration of pertinent authority, I am reluctant to create a district split on this already unsettled issue.  Plaintiff attempts to distinguish Ellis on grounds that the case arose in the context of a settlement.  Plaintiff fails to explain, however, how the case posture was material to Judge Gibson's decision to dismiss plaintiffs' parallel state claims, rather than permit them to pursue FLSA opt-in and state law opt-out remedies at the same time.

[5]In Lehman v. Legg Mason, Inc., 532 F. Supp. 2d 726 (M.D. Pa. 2006), as cited by Plaintiff, the federal claims were based on failure to pay overtime and the minimum wage.  Although asserted state law claims rested on the same allegations, plaintiffs also asserted state law claims that did not overlap the FLSA claims -- for example, state law claims for failure to keep accurate records of hours and wages earned, and failure to provide statements of the same to employees.  In such a case, a Rule 23 action would not necessarily nullify the FLSA opt-in requirement.  Our Court of Appeals has noted that opt-in and opt-out actions – such as a claim for employment discrimination, alongside one for overtime pay -- might proceed in tandem.  See De Asencio, 342 F.3d at 310, n.4.  Notably, this example does not refer to overlapping claims such as those at issue here.

The fairly brief analyses offered by the cited cases within this Circuit are insufficient to dissuade me from following <u>Ellis</u> and other more thorough dissections of this matter. Several of the cases permitting dual actions to proceed did not rely on or address the compatibility of the FLSA and Rule 23. <u>See Lenahan v. Sears, Roebuck</u>, No. 02-0045, 2006 U.S. Dist. LEXIS 60307 (D.N.J. July 10, 2006), <u>Farhy v. Janney Montgomery Scott, LLC</u>, No. 06-3202, No. 06-3969 2007 U.S. Dist. LEXIS 39112 (E.D. Pa. Apr. 26, 2007); <u>Trotter v. Perdue Farms</u>, No. 99-893-RRM, 2001 U.S. Dist. LEXIS 13212 (D. Del. August 16, 2001); <u>Chemi v. Champion Mortg.</u>, No. 5-1238, 2006 WL 454363 (D.N.J. Feb. 26, 2006); <u>Dinardo v. Stevens Gutter Cleaning</u>, No. 07-5529, 2008 U.S. Dist. LEXIS 14946 (D.N.J. Feb. 28, 2008). Others found dismissal premature rather than inappropriate, for reasons left largely unexplained. <u>E.g.</u>, <u>Jackson v. Alpharma</u>, No. 07-3250, 2008 U.S. Dist. LEXIS 12787 (D.N.J. Feb. 21, 2008).[6] These cases are of little assistance at present, and offer no grounds for choosing to follow their reasoning over that of <u>Ellis</u>.

## CONCLUSION

---

[6]In <u>Alpharma</u>, the Court stated as follows: "[A]ssuming that CAFA jurisdiction exists, it is unclear what would be accomplished by dismissal of the state claims, because Plaintiff could simply file a separate lawsuit in this district solely on the basis of the state claims. Moreover, at the class certification stage of the litigation, the parties will have a clearer picture of the nature and extent of the claims, and the Court will be better equipped to address the issues relating to the opt-in and opt-out procedures." <u>Alpharma</u>, 2008 U.S. Dist. LEXIS 12787, at *14. Neither the <u>Alpharma</u> court nor the present parties, however, identified any information that might be gleaned at the certification stage, which would affect the compatibility of the opt-in and opt-out procedures. In addition, the mere fact that claims might properly be asserted in separate actions does not render them appropriate in a single action. In <u>De Asencio</u>, for example, in which the Court found supplemental jurisdiction inappropriate, Plaintiffs would have been able to file a separate lawsuit – albeit not in the same district -- solely on the basis of the state law claims. Despite that fact, which the Court did not ignore, it held that the state and federal claims should not proceed together.

I note, too, that <u>Alpharma</u> relied, in small part, on the defendant's failure to supply authority dismissing a CAFA class state law claim based on inherent incompatibility. <u>Ellis</u>, however, involved a CAFA class state law claim.

5

In sum, the inherent incompatibility of Plaintiff's FLSA claims and state law class claims, in this particular case, require dismissal of the state law class claims.[7] Absent clear guidance from our Court of Appeals, and viewing this problem through the lens of <u>De Ascencio</u>, I am persuaded by the thorough analysis of my colleague in <u>Ellis</u> and will adopt a similar approach.

---

[7]The dismissal will be in part and without prejudice, as I do not now rule upon the ability of Ms. Burkhart-Deal or any opt-in plaintiff to bring or maintain individual claims for violation of state law either in this Court or in another forum.  Individual state law claims are not addressed by either Defendant's Motion to Dismiss or today's Opinion and Order.

**ORDER**

AND NOW, this 5th day of June, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss [Docket No. 21] is GRANTED in part, and Counts three and four of Plaintiff's Complaint are DISMISSED, to the extent that they assert class claims, without prejudice.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Chief Judge, U.S. District Court