# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6149 | **DATE** | 9/12/2008 |
| **CASE TITLE** | Curry vs. J.P. Morgan Chase, et al. | | |

**DOCKET ENTRY TEXT**

Defendant JP Morgan Chase & Co.'s and Chase Investment Services Corp., Inc.'s Motion to Dismiss or Strike Pursuant to FRCP 12 [19] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On October 31, 2007, Plaintiff Amiri Curry, on behalf of himself and all others similarly situated, filed a Class/Collective Action Complaint against Defendants J.P. Morgan Chase & Co., Chase Investment Services Corp., and ten John Doe Defendants. Curry alleges that he is a financial advisor employed by Chase. Curry further alleges that he and other Chase financial advisors regularly worked in excess of forty hours a week, but were not paid overtime wages. Curry brings this action under the federal Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. Curry seeks, *inter alia*, the imposition of a constructive trust on Chase, and restitution of allegedly improperly withheld wages. Count One of Curry's Complaint alleges a violation of FSLA. Counts Two and Three allege violations of Illinois labor laws. Defendants move the court to dismiss or strike Count Two of Plaintiff's Complaint.

The court takes the allegations of the complaint as true, and draws all reasonable inferences in favor of the plaintiff for purposes of determining whether the allegations state a claim for relief under Rule 12(b)(6). See, e.g., Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 (2002); Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001); it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chi., 230 F.3d 319, 323-26 (7th Cir. 2000) (citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The court recognizes, however, that a complaint may no longer survive dismissal by simply satisfying the notice function of FED. R. CIV. P. 8(a). See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-66 (2007).

The Seventh Circuit has recently characterized two "easy-to-clear hurdles" that must now be overcome for a complaint to survive a 12(b)(6) motion to dismiss. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (interpreting Bell Atlantic). First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which the claim rests. Id. Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising the

## STATEMENT

possibility above a "speculative level;" if they do not, the plaintiff pleads itself out of court. Id.

In this case, Plaintiff has given Defendants more than sufficient notice of what his claim is, and the grounds upon which it rests. See id. Plaintiff's allegations, at this stage of the litigation, are plausible enough to survive the instant Motion to Dismiss. See Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008) (following Bell Atlantic, "[a] plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.") (internal quotation marks and citation omitted).

Defendants, however, assert that Plaintiff's class action state law claim is (1) incompatible with FLSA, (2) not superior to other methods of resolving this dispute, (3) preempted by FLSA, and (4) inconsistent with the Rules Enabling Act. After examining the parties' submissions on the Motion to Dismiss, the court determines that it is premature, at this stage of the litigation, to determine as a matter of law that Plaintiff's state law claims are implausible. The Seventh Circuit has reminded District Courts that "the [Supreme] Court in Bell Atlantic did not, in fact, supplant the basic notice-pleading standard." Tamayo, 526 F.3d at 1083. Plaintiff has done more than enough to satisfy this standard. Defendants' Motion to Dismiss is therefore denied.